**EXHIBIT 1**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

---

KEVIN MARK WIGGER,

        Plaintiff,                                     OPINION AND ORDER

v                                                     File No. 15-4429-CZ
                                                        Hon. Jon H. Hulsing

ADA GRACE YOUNG,

        Defendant.

---

      Plaintiff brings three motions: a motion to set aside the dismissal and reopen this case pursuant to MCR 2.102(F)(3), a motion for summary disposition pursuant to MCR 2.116(C)(9), and a motion for sanctions pursuant to MCR 2.114(E) and (F). Plaintiff's requests are granted in part.[1]

      Plaintiff's complaint is pled in four counts. Count I is labeled statutory conversion. In count I, plaintiff alleges that the defendant (1) unlawfully and without his permission withdrew $7,500 from defendant's pension fund, (2) embezzled $15,000 from plaintiff's IRA, and (3) caused the plaintiff to lose $30,000 as the result of a foreclosure. Count II is labeled breach of contract. In count II, plaintiff alleges that defendant failed to pay plaintiff $15,000 due and owing from defendant to plaintiff as a result of defendant's sale of the marital home. Count III is labeled fraudulent concealment. In count III, plaintiff alleges that defendant failed to respond to subpoenas in another case. Count IV is labeled fraud. In count IV, plaintiff alleges that defendant made a material misrepresentation in that, in the parties' judgment of divorce, defendant misrepresented that she would sell the marital home, as the judgment ordered her to do, when in fact she had no present intent to do so.

      The parties were formerly husband and wife. They were divorced on August 19, 2006. Subsequent to the entry of the judgment of divorce, defendant filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code, 11 USC 701 *et seq*. As required by law, the defendant submitted a list of creditors and debts with her petition. Defendant may not have included the plaintiff on the defendant's list of creditors. Defendant did not include on her list of debts the debts that defendant would incur if plaintiff was successful in litigating the claims pled

---

[1] Plaintiff's reliance upon MCR 2.102(F)(3) is misplaced in that the court rule cited refers to dismissals for alleged failure to serve the defendant. The court accepts the motion under MCR 2.119.

in count I – IV.[2] Instead, defendant listed plaintiff as a "codebtor" as to debts owed by the defendant to Fifth Third Bank and the Muskegon County Treasurer. On November 30, 2010, Judge Greg of the United States Bankruptcy Court for the Western District of Michigan granted the defendant a discharge in bankruptcy pursuant to 11 USC 727.

State courts have concurrent jurisdiction over all matters arising in or relating to bankruptcy cases other than matters involving the bankruptcy petition itself. *In re Siskin*, 258 BR 554, 563 (Bankr ED NY, 2001). Such concurrent jurisdiction includes matters involving the applicability of the automatic stay, *In re Glass*, 240 BR 782 (Bankr MD Fla 1999); *Klass* v *Klass*, 377 Md 13, 20; 831 A2d 1067, 1071 (2003), and whether a debt has been discharged or if the automatic stay applies. *In re Lenke*, 249 BR 1 (Bankr D Ariz, 2000).

The filing of a Chapter 7 petition triggers the imposition of the automatic stay. 11 USC 362. In an individual Chapter 7 case, the automatic stay terminates on its own at the time that the discharge is granted or the case is closed. 11 USC 362(c)(2)(C). Therefore, in this case, the automatic stay terminated automatically on November 30, 2010.[3] Once the stay automatically terminates because a discharge has been entered, the discharge injunction immediately takes effect and forecloses any action by the creditor that would violate the discharge injunction as to discharged debts. 11 USC 524.

A discharge in bankruptcy operates as an injunction against the continuation of an action to recover a discharged debt. 11 USC 524(a)(2); *In re Williams*, 438 BR 679 (Bankr CA 10, 2010). However, a domestic support obligation is exempt from the discharge injunction. 11 USC 523(a)(5). "Domestic support obligation" generally means a debt: (1) that accrues before, on or after the order for relief; (2) is recoverable by a former spouse; (3) is in the nature of alimony, support, or maintenance; (4) is established by a divorce decree; and (5) has not been assigned. 11 USC 101(14A); *Wisconsin Dep't of Workforce Development* v *Ratliff*, 390 BR 607, 613 (Bankr ED Wis, 2008). Domestic support obligation includes a debt established by reason of applicable provisions of a divorce decree or property settlement agreement. 11 USC 101(14A)(C)(i).

The first issue before the court is whether the automatic stay terminated on November 30, 2010. The court concludes that it did. Therefore, defendant erroneously claimed that the automatic stay barred plaintiff's claim. Defendant's "answer"[4] asserting the automatic stay is interpreted by this court as a motion for stay of proceedings and is denied. The order of the court administratively closing the case was improvidently entered, is set aside and the case reinstated.

---

[2] See exhibit B of defendant's response to plaintiff's motion for summary disposition.

[3] The bankruptcy case was closed on December 15, 2010. At the very latest, the automatic stay was lifted when the bankruptcy case was closed. The court takes judicial notice under MRE 201 of the records of the United States Bankruptcy Court, Western District of Michigan.

[4] To the extent that the answer filed by defendant is intended to be the answer, it is struck under MCR 2.115(B) as it does not comply with MCR 2.111(C).

2

Defendant's answer asserts that any debts of hers that would result were the plaintiff to prevail in counts I – IV have been discharged in bankruptcy. Whether or not these debts have been discharged by the bankruptcy is left for another day as the discharge injunction has not been raised as a defense to this action. The court will not address an important legal issue that has not been properly raised and addressed by the parties.

Plaintiff next moves for summary disposition under MCL 2.116(C)(9) for failing to defend. That motion is denied. As discussed above, the court has denied defendant's motion to stay the case. Defendant must now file an answer or dispositive motion under the appropriate court rule in which defendant may raise the discharge injunction. Defendant has 14 days from the mailing of this opinion and order to file the appropriate response.

Plaintiff's motion to set aside the dismissal and reopen the case is GRANTED. Plaintiff's motion for summary disposition is DENIED. Both parties' requests for attorney fees/costs are DENIED WITHOUT PREJUDICE pending the outcome of this case.

*It is so ordered.*

Dated: _____May 18_____, 2016   _____
                                  Jon H. Hulsing, Circuit Judge

3

**EXHIBIT 2**

**EXHIBIT 2**



```
*2013R04763*
2013R04763
STATE OF MICHIGAN COUNTY OF MASON
RECORDED ON
08/01/2013     11:39:44AM
DIANE L. ENGLEBRECHT
REGISTER OF DEEDS
PAGES: 1
```

## QUIT CLAIM DEED

The Grantor, George Robert Wigger, a married man, of 645 Carr Road, Muskegon, MI 49442, does hereby **CONVEY AND QUIT CLAIMS, all of his right, title, claim and interest** to Michael Scott Lorenz, a married man, of 14116 128th Avenue, Grand Haven, MI 49417, in the following described premises situated in the Township of Logan, County of Mason, State of Michigan, to wit:

> Condominium Unit No. 69 in Whiskey Creek, a Campsite condominium according to the Master Deed recorded in Liber 437, Pages 21-99 inclusive, in the office of the Mason County Register of Deeds, designated as Mason County Condominium Subdivision Plan No. 13, and First Amendment thereto recorded in Liber 442, Pages, 653-694, inclusive together with rights in general common elements and limited common elements as set forth in said Master Deed and amendments thereto, and as described in Act 59 or the Public Acts of 1978, as amended, Eden and Logan Townships, Mason County Michigan.

for the sum of One Dollar ($1.00) and is exempt from real estate transfer tax pursuant to MCL 207.505(j); MSA 7.456(5)(j).

Dated: 7/30, 2013

_____
George Robert Wigger, Grantor

Acknowledged and sworn to before me in the County of Muskegon, State of Michigan, on the 30th day of July 2013, by George Robert Wigger, an individual known to me through the presentation of State issued identification.

_____
Notary Public

BARBARA J DEATON    County of Muskegon, State of Michigan,
Notary Public, Muskegon County, MI My Comm. Exp. 07/05/2016
My Commission Expires 7/5/2016
Acting in the County of Muskegon

When Recorded Return To: Michael S. Lorenz 14116 128th Ave Grand Haven, MI 49417
Send Subsequent Tax Bills To: Michael S. Lorenz, 14116 128th Ave Grand Haven, MI 49417
Drafted by: Matthew R. Kacel P73528, One E. Apple – Suite C Muskegon MI 49442

**EXHIBIT 3**

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT

\* \* \* \* \*

| | |
|---|---|
| KEVIN MARK WIGGER,<br>                     Plaintiff,<br>v<br><br>GEORGE ROBERT WIGGER<br>                     Defendant, | HON. TIMOTHY G. HICKS<br><br>File No. 14-49481-CZ |
| Kevin Mark Wigger, #581201<br>Pro Per<br>Central Michigan Correctional Facility<br>320 North Hubbard<br>St. Louis, MI 48880 | Thomas D. Siver (P69751)<br>James A. Siver (P33597)<br>Attorneys for Defendants<br>1575 Forty-Fourth St., SW<br>Grand Rapids, MI 49509<br>616-261-5800<br><br>William A. Van Eck (P23904)<br>Respondent Lienholder<br>302 S. Bridge St.<br>Belding, MI 48809<br>616-794-0990 |

## ORDER DIRECTING BRIEFING

On February 3, this court administratively closed the file after receiving a bankruptcy stay order. The court later, on February 10, 2016, received attorney Van Eck's response, seeking seeks court enforcement of his lien.

This poses an unusual issue to which brief research yields no apparent answer. To some extent, this is an intramural dispute (on the plaintiff's side of the case) which does not alter the amount George might have to pay-only the allocation on any payments. But it also relates to the judgment Kevin has against his son, the defendant/debtor, which is likely part of the bankruptcy estate.

Given the federal stay and administrative closing of the state file, the court directs the parties to brief whether this court can properly consider the pending attorney lien issue.

Page 1 of 2

The parties shall submit briefing by the end of the business day on March 11, 2016. The court will then resolve this preliminary issue without oral argument pursuant to MCR 2.119 (E)(3). An evidentiary hearing will still be required if the dispute moves forward beyond that decision.

**IT IS SO ORDERED.**

Date: February 19, 2016

Timothy G. Hicks, P35198
Circuit Judge

CERTIFICATE OF MAILING

I hereby certify that on the 19th day of February, 2016, I personally mailed copies of this Order to the parties above named at their respective addresses, by ordinary mail.

Susan K. Orrison, Circuit Court
Legal & Scheduling Secretary

**EXHIBIT 4**

# STATE OF MICHIGAN

## IN THE 14TH CIRCUIT COURT

\* \* \* \* \*

| | |
|---|---|
| KEVIN MARK WIGGER,<br>                Plaintiff,<br>v<br>GEORGE ROBERT WIGGER<br>                Defendant,<br>_____/ | HON. TIMOTHY G. HICKS<br><br>File No. 14-49481-CZ |
| KEVIN MARK WIGGER,<br>                Plaintiff,<br>v<br>GEORGE R. WIGGER,<br>ALISA JOY WIGGER,<br>MICHAEL LORENZ, and<br>GEORGIA ANN LORENZ<br>                Defendants,<br>_____/ | HON. TIMOTHY G. HICKS<br><br>File No. 16-000263-CZ |
| Kevin Mark Wigger, #581201<br>Pro Per<br>Central Michigan Correctional Facility<br>320 North Hubbard<br>St. Louis, MI 48880 | Thomas D. Siver (P69751)<br>James A. Siver (P33597)<br>George Wigger<br>1575 Forty-Fourth St., SW<br>Grand Rapids, MI 49509<br>616-261-5800<br><br>William A. Van Eck (P23904)<br>Respondent Lienholder<br>302 S. Bridge St.<br>Belding, MI 48809<br>616-794-0990 |
| _____/ | |

Kevin Mark Wigger, #581201
Pro Per
Central Michigan Correctional Facility
320 North Hubbard
St. Louis, MI 48880

George R. Wigger
Defendant
645 Carr Road
Muskegon, MI 49442

Alisa Joy Wigger
Defendant
645 Carr Road
Muskegon, MI 49442

Michael Lorenz
Defendant
14116 – 128th Avenue
Grand Haven, MI 49417

Georgia Ann Lorenz
Defendant
14116 – 128th Avenue
Grand Haven, MI 49417

_____/

## ORDER STAYING FILES

The court enters this order in both files[1] noted above. The court reached this decision while working on (1) plaintiff's dispute with Attorney Van Eck about the attorney lien in file number 14-49481-CZ, and (2) considering plaintiff's motion to extend the life of the summons in his "new case", file number 16-000263-CZ, against the defendants named above.

Typically, a bankruptcy filing stays the state court action. In fact, there are orders to that effect in both files. However, these cases both present nuances which require additional consideration.

In the "older file" Kevin and his former attorney, William Van Eck, are enmeshed in proceedings attendant to the attorney's lien that Van Eck placed on the file. The court has

---

[1] This order has no effect on anything in file 16-001263-NM (Kevin Wigger v Van Eck).

requested briefing about the bankruptcy court issue. In fact, Kevin replied to that order, but Van Eck has not. So there is some temptation simply to dismiss the lien because of Van Eck's failure to defend it.

On the other hand, there is a fundamental problem. By its very nature, an attorney's lien requires some "fund" to which it attaches. In this case, that would be the judgment Kevin has against his son George in the older litigation. However, if the bankruptcy court later extinguishes that judgment, there is simply no fund remaining to which the lien attaches. At that point, the argument about the lien becomes a moot or hypothetical argument.

For these reasons, the court will stay the attorney lien litigation, as well, until the bankruptcy court resolves that issue.

In the new case, it is arguable that Kevin's case against the other defendants could theoretically proceed, but to split that case into two separate files (one proceeding now, and the other one awaiting adjudication of the George/Alisa Wigger bankruptcy) (1) seems to unnecessarily complicate these matters, and (2) be very inefficient, because it could arguably result in two separate trials. For these reasons, the court also stays the proceedings in the newer case, pending further bankruptcy court orders.

**IT IS SO ORDERED.**

Date: April 5, 2016

Timothy G. Hicks, P35198
Circuit Judge

**CERTIFICATE OF MAILING**

I hereby certify that on the 5th day of April, 2016, I personally mailed copies of this Order to the parties above named at their respective addresses, by ordinary mail.

Susan K. Orrison, Circuit Court
Legal & Scheduling Secretary

**EXHIBIT 5**

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



CADILLAC PLACE
3030 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202

BILL SCHUETTE
ATTORNEY GENERAL

March 9, 2016

Kevin M. Wigger, #581201
Central Michigan Correctional Facility
320 Hubbard Street
St. Louis, MI 48880

      Re:    State Treasurer v Kevin M. Wigger, #581201, et al.
                 Muskegon County Circuit Court Case No.: 15-50083-CZ

Dear Mr. Wigger,

      Please accept my apologies for the delayed response to your letter dated February 15, 2016. I have had an opportunity to review the court docket associated with your son's Chapter 7 bankruptcy filing. From what I reviewed, this case is a Chapter 7 no asset filing, which means that the bankruptcy court is not accepting claims filed by creditors for various debts owed to them. It also appears that the U.S. Trustee has determined that the case was filed in good faith and will not be subject to challenge on the basis of presumed abuse. In such cases, a discharge is usually entered and the case concluded in relatively short order. Unless something unexpected occurs, it is likely that your son's bankruptcy case could be concluded within the 6-8 weeks, and any associated automatic stay would be lifted then. Of course, I cannot guarantee a specific timeframe.

      Based on your letter, I note that you believe the judgment against your son to be non-dischargeable. I have not independently researched that issue and, as such, cannot give you any advice as to whether that is correct. However, you may wish to consult a lawyer regarding the requirements necessary to having the Court formally determine whether the judgment is dischargeable. Please see 11 USC §523(c)(1).

      Finally, given the likelihood that your son's bankruptcy case will soon conclude, there does not appear to be any need to provide you a monthly stipend from the Fifth Third Securities IRA. I realize that you probably view this decision as disappointing; I am sorry for that. I truly hope that you succeed in securing a court ruling that exempts the judgment from bankruptcy discharge and to successfully garnish your son's wages going forward.

Kevin M. Wigger, #581201
March 9, 2016
Page 2

    Thank you again for your attention to this matter. Good luck in your legal pursuits.

                              Sincerely,

                              */s/ Allison M. Dietz*

                              Allison M. Dietz
                              Assistant Attorney General
                              3030 W. Grand Blvd., Ste. 10-200
                              Detroit, MI  48202
                              Telephone: (313) 456-0140
                              Email: dietza@michigan.gov