# EXHIBIT 2

# STATE OF MICHIGAN

## IN THE 14TH CIRCUIT COURT

\* \* \* \* \*

KEVIN MARK WIGGER,
               Plaintiff,

v

GEORGE ROBERT WIGGER,
               Defendant.
_____/

HON. TIMOTHY G. HICKS

File No. 14-49481-CZ

Kevin Mark Wigger, #581201
Pro Per
Central Michigan Correctional Facility
320 North Hubbard
St. Louis, MI 48880
_____/

Thomas D. Siver (P69751)
James A. Siver (P33597)
Attorneys for Defendants
1575 Forty-Fourth St., SW
Grand Rapids, MI 49509
616-261-5800

## ORDER ENTERING JUDGMENT

The court enters an order of judgment in response to Kevin Wigger's revised motion for entry of judgment on October 13, 2015. George Wigger has not responded or objected. Accordingly, the court orders judgment in favor of Kevin Wigger in the following amounts:

Total Judgment, with interest: $64,812.52

- Damages: $38,200.00
- MDOC Transportation Costs: $5,477.59
- Attorney Fees: $13,684.58[1]
- Fees: $1,301.72
- Statutory Interest: $6,148.63

---

[1] This amount represents the total amount billed by Kevin's former attorney, Mr. Van Eck, before his withdrawal from the case.

Page 1 of 5

KW 1787

### Reconsideration

The court denies, without prejudice, the parts of Kevin's motion seeking reconsideration of previous decisions. Such a motion is generally premature before a final judgment is entered.

### Additional Alleged Withdrawals

The court denies the motion to the extent that it seeks to interject other alleged withdrawals (after 2010) that were not litigated in the trial. Those amounts were not a part

### Attorney Fees

The court grants $13,684.58 in attorney fees as Kevin adequately supports his request for attorney fees with the invoices he received from Mr. Van Eck.

### Fees and Costs

Under the caption "[c]ost[s] incurred by Diane Rios," Kevin cites MCL 600.2405 and MCL 600.2421b(1)-(2) as justification for seeking reimbursement of his $4,771.17 expenditures in this case. MCL 600.2421b(1) provides for "normal costs incurred in being a party in a civil action *after* an action has been filed with the court." (Emphasis added.)

The court denies, in part, Kevin's request for costs. Kevin does not specify when he incurred any of the costs, many occurred under vague categories "help of other inmates," and some occurred by third parties. Even if the court accepts as true Kevin's assertion that Diane acted as his agent but while expending her money, he does not recover the full amount on her behalf. Specifically, the court denies the following items:

KcJ 1788

- $1,500 as the "fee paid to Lional Stewart to draft and prepare summons and complaint."
    - The court previously noted that Mr. Stewart is not a licensed attorney and any work he allegedly did occurred *before* the complaint's filing.
- $275 for the "purchase of law books."
- $50 for "Meals for Jackson Trip."
- $1,575 for "Money sent to Plaintiff's prison account to cover phone calls, postage, legal copies, notary charges, motion fees, typing supplies and help of other inmates."
    - This category seemingly encapsulates fees covered in other line items. For example, Kevin seeks to recover for postage here but later requests $85 for "printer ink, paper, envelopes, and postage [sic] Diane Rios, DPOA."
- $26.25 for "[f]ee for copies made by Mr. Van Eck."
- $43.20 for "Copies made at Greenville Public Library of bank statements to send to Plaintiff, 432 pages at $0.10/each."
    - The court is sensitive to Kevin's unique situation throughout this trial. Yet, duplicating existing documents in the possession of an agent acting under his direction appears unnecessary when he could have received the original documents from her.

A balance of $1,301.72 remains from Kevin's $4771.17 request after subtracting the denied amounts totaling $3,469.45.

Kw 1789

### Interest

The court denies Kevin's request for post-judgment interest under MCL 600.6013(7). That statute covers judgments rendered "on a written instrument evidencing indebtedness with a specified interest rate" at variable or specific interest rates. The underlying IRA has a specified interest rate, but George is not a party to *that* written instrument. Additionally, even if he were a party to the IRA, the written instrument does not evidence George's indebtedness to Kevin. MCL 600.6013(8) establishes calculations for "money judgment[s] recovered in a civil action" filed after January 1, 1987.

MCL 600.6013(8) calculates the interest rate:

> at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section.

The Michigan State Court Administrative Office created a chart calculating the interest rate by combining the State Treasurer's certified average interest rate and the statutory 1% rate. This chart encompasses the date range between January 1, 1987 and July 1, 2015.[2] Kevin filed his complaint on April 17, 2014. 2.452% and 2.622% represent the January and July 2014 interest rates, respectively. 2.678% and 2.468% respectively represent the January and July 2015 interest rates.

---

[2] Michigan State Court Administrative Office, *Interest Rates for Money Judgments under MCL 600.6013*, revised July 1, 2015, available at http://courts.mi.gov/administration/scao/resources/documents/other/interest.pdf.

KCD 1790

The total judgment, before interest, is $58,663.89.

- The January to July 2014 interest is $1,438.44.[3]
- The July to January 2015 interest is $1,538.17.[4]
- Adding the two interest totals equals $2,976.61. Compounding those interests into the base judgment, per MCL 600.6013(8), increases the amount to $61,640.50.
- The January to July 2015 interest is $1,650.73.[5]
- The July 2015 to present interest is $1,521.29.[6]
- The total judgment, including the 2015 interest, is: $64,812.52

## CONCLUSION

For the reasons discussed *supra*, the court enters judgment in favor of Kevin Wigger for the amount of $64,812.52.

This is a final order and closes the file.

**IT IS SO ORDERED.**

Date: November 4, 2015

Timothy G. Hicks, P35198
Circuit Judge

### CERTIFICATE OF MAILING

I hereby certify that on the 4th day of November, 2015, I personally mailed copies of this Order to the parties above named at their respective addresses, by ordinary mail.

Susan K. Orrison, Circuit Court
Legal & Scheduling Secretary

---

[3] $58,663.89 x 0.02452
[4] $58,663.89 x 0.02622
[5] $61,640.50 x 0.02678
[6] $61,640.50 x 0.02468

Kw 1791