# EXHIBIT "A"

CLOSED CJO CASE REGISTER OF ACTIONS 08/20/18 PAGE 1
14-049481-CZ JUDGE HICKS FILE 04/17/14 ADJ DT 11/04/15 CLOSE 11/04/15
MUSKEGON COUNTY JDF SCAO:SEC C LINE 02

P 001 WIGGER, KEVIN MARK, , 581201
CENTRAL MICHIGAN CORR FACILITY
320 N. HUBBARD ST
ST LOUIS MI 48880

SERVICE/ANS 07/02/14 APP

VS D 001 WIGGER, GEORGE, ROBERT
645 CARR RD.

MUSKEGON MI 49442
ATY:SIVER, JAMES ANT
P-33597 616-261-5800
DISPOSITION 11/04/15 JTP OPI
SERVICE/ANS 06/30/14 ANS

D 002 WIGGER, ALISA, J,
645 S. CARR RD.
MUSKEGON MI 49442
ATY:SIVER, THOMAS DA 02/11/15
P-69751 616-261-5800
DISPOSITION 05/12/15 DIS MAJ
SERVICE/ANS 03/09/15 APP

IP001 VAN ECK, WILLIAM, A
ATY:VAN ECK, WILLIAM 01/06/16
P-23904 616-794-0990

Actions, Judgments, Case Notes

| Num | Date | Judge | Chg/Pty | Event Description/Comments | |
|---|---|---|---|---|---|
| 1 | 04/17/14 | HICKS | P 001 | SUMMONS AND COMPLAINT | CLK ALM |
| | | | | RECEIPT# 00163738 AMT $150.00 | |
| | | | | *COMPLAINT AND DEMAND FOR JURY | CLK |
| | | | | TRIAL W/ EXHIBIT A | CLK |
| | | | | *DURABLE UNLIMITED POWER OF | CLK |
| | | | | ATTORNEY | CLK |
| 2 | | | | JURY DEMAND FILED | CLK ALM |
| | | | | RECEIPT# 00163739 AMT $85.00 | |
| 3 | 04/21/14 | | D 001 | RETURN OF SERVICE | CLK ALM |
| | | | | RE: SUMMONS AND COMPLAINT AND | CLK |
| | | | | DEMAND FOR JURY TRIAL | CLK |
| | | | | WITH ATTACHMENTS | CLK |
| | | | | *PERS/SVC* | CLK |
| 4 | 05/07/14 | | D 001 | MOTION FILED | CLK ALM |
| | | | | RECEIPT# 00164160 AMT $20.00 | |
| | | | | SET NEXT DATE FOR: 06/09/14 9:30 AM | CLK |
| | | | | MOTION HEARING | |
| | | | | DEF'S MOTION TO STRIKE AND | CLK |
| | | | | DISMISS | CLK |
| | | | | *DEF'S FIRST RESPONSIVE | CLK |
| | | | | PLEADING MOTION TO STRIKE AND | CLK |
| | | | | DISMISS | CLK |
| | | | | *BRIEF IN SUPPORT OF MOTION | CLK |
| | | | | W/EXHIBIT 1 | CLK |
| | | | | *AFFIRMATIVE DEFENSES | CLK |
| | | | | *NTC OF HRG | CLK |
| | | | | *PRF/SVC | CLK |
| 5 | | | D 001 | APPEARANCE | CLK ALM |
| | | | | ATTORNEY: P-33597 SIVER | CLK |
| 9 | 06/04/14 | | D 001 | OBJECTION TO PLTF'S MOTION FOR | CLK ALM |
| | | | | COMMUNICATION EQUIPMENT OR IN | CLK |

| | | | | |
|---|---|---|---|---|
| | | | THE ALTERNATIVE MOTION FOR | CLK |
| | | | WRIT OF HAPEAS CORPUS | CLK |
| | | | *PRF/SVC | CLK |
| 6 | 06/06/14 | P 001 | POS FOR M/COMM EQUIPMENT/WRIT | CLK SUE |
| | | | PLTF REQUEST FOR DISCOVERY | CLK |
| | | | POS FOR REQ FOR DISC | CLK |
| | | | POS COMPLAINT & INTERROGATORIE | CLK |
| | | | POS 2ND COPY INTERROGATORIES | CLK |
| | | | **NOT MOTION FEE PAID | CLK |
| 7 | 06/09/14 | | MOTION HEARING | CRT DLB |
| | | | MOTION TO STRIKE & MOTION TO | CRT |
| | | | DISMI8SS. MOTION TO DISMISS | CRT |
| | | | DENIED. MOTION TO STRIKE | CRT |
| | | | GRANTED. SIVER/JR | CRT |
| 8 | 06/10/14 | | OPINION AND ORDER FOLLOWING | CLK ALM |
| | | | HEARING HELD JUNE 9, 2014 | CLK |
| | | | *PRF/SVC | CLK |
| 10 | 06/13/14 | P 001 | MOTION FILED | CLK ALH |
| | | | RECEIPT# 00164952 AMT $20.00 | |
| | | | MOTION FOR COMMUNICATION | CLK |
| | | | EQUIPMENT OR IN THE ALTERNATE | CLK |
| | | | MOTION FOR WRIT OF HABEAS | CLK |
| | | | CORPUS | CLK |
| 11 | | P 001 | PLTF'S ANSWERS TO DEF'S FIRST | CLK ALH |
| | | | RESPONSIVE PLEADING MOTION TO | CLK |
| | | | STRIKE AND DISMISS | CLK |
| | | | *PLTF'S ANSWERS TO DEF'S | CLK |
| | | | AFFIRMATIVE DEFENSES | CLK |
| | | | *PRF/SVC | CLK |
| 12 | | P 001 | PLTF'S AMENDED COMPLAINT | CLK ALH |
| 13 | | P 001 | EXHIBITS 1-4 | CLK ALH |
| 14 | | | PROOF OF SERVICE FILED | CLK ALH |
| | | | RE: PLTF'S AMENDED MOTION FOR | CLK |
| | | | COMMUNICATION EQUIPMENT OR | CLK |
| | | | IN THE ALTERNATIVE MOTION FOR | CLK |
| | | | WRIT OF HABEAS CORPUS | CLK |
| 15 | 06/16/14 | D 001 | OBJECTION TO PLTF'S MOTION FOR | CLK ALH |
| | | | COMMUNICATION EQUIPMENT OR IN | CLK |
| | | | THE ALTERNATIVE MOTION FOR | CLK |
| | | | WRIT OF HABEAS CORPUS | CLK |
| | | | *PRF/SVC | CLK |
| 16 | | | NTC OF SUBMISSION OF ORD/7-DAY | CLK ALH |
| | | | *PRF/SVC DATED JUNE 13,2014 | CLK |
| 18 | | | AFFIDAVIT OF THOMAS D. SIVER | CLK ALH |
| | | | OF SIVER & ASSOCIATES PLLC | CLK |
| 19 | 06/19/14 | P 001 | PLTF'S RESPONSE TO OBJECTION | CLK ALH |
| | | | TO PLTF'S MOTION FOR | CLK |
| | | | COMMUNICATION EQUIPMENT OR IN | CLK |
| | | | THE ALTERNATIVE MOTION FOR | CLK |
| | | | WRIT OF HABEAS CORPUS WITH | CLK |
| | | | EXHIBIT 1 | CLK |
| 20 | | | PROOF OF SERVICE FILED | CLK ALH |
| | | | RE: PLTF'S MOTION FOR | CLK |
| | | | COMMUNICATION EQUIPMENT OR IN | CLK |
| | | | THE ALTERNATIVE MOTION FOR | CLK |
| | | | WRIT OF HABEAS CORPUS WITH | CLK |
| | | | EXHIBIT 1 | CLK |

| | | | | |
|---|---|---|---|---|
| 17 | 06/20/14 | | NO OBJECTION FILED TO 7 DAY | CLK ALH |
| | | | **ORDER SENT TO JUDGE** | CLK |
| 21 | 06/30/14 | D 001 | ANSWER FILED | CLK ALH |
| | | | ANSWER TO AMENDED COMPLAINT | CLK |
| | | | *PRF/SVC | CLK |
| 22 | 07/02/14 | P 001 | APPEARANCE | CLK ALH |
| | | | ATTORNEY: P-23904 VAN ECK | CLK |
| | | | APPEARANCE AND AMENDED | CLK |
| | | | COMPLAINT | CLK |
| | | | *PRF/SVC | CLK |
| 23 | 07/03/14 | | ALTERNATIVE DISPUTE RESOLUTION | CLK SUE |
| | | | ORDERED | CLK |
| 24 | | | NOTICE SENT FOR: 02/25/15 9:30 AM | CLK SUE |
| | | | JURY TRIAL | |
| | | | DAY 1 OF 2 | CLK |
| 25 | | | OPINION AND ORDER REGARDING | CLK ALH |
| | | | TRIAL COMMUNICATIONS AND | CLK |
| | | | RECONSIDERATION OF ATTORNEY | CLK |
| | | | FEES AWARD | CLK |
| | | | *PRF/SVC | CLK |
| 26 | | | SCHEDULING ORDER | CLK SUE |
| 27 | 07/28/14 | D 001 | ANSWER TO AMENDED COMPLAINT | CLK ALH |
| | | | *PRF/SVC | CLK |
| 28 | 08/01/14 | D 001 | MEMORANDUM OF LAW WITH | CLK ALH |
| | | | EXHIBITS A-C | CLK |
| | | | *PRF/SVC | CLK |
| 29 | 08/05/14 | P 001 | PLTF'S MEMORADUM OF LAW | CLK ALH |
| | | | *PRF/SVC | CLK |
| 30 | 08/27/14 | P 001 | WITNESS AND EXHIBIT LIST | CLK ALH |
| | | | *PRF/SVC | CLK |
| 31 | 09/08/14 | | OPINON AND ORDER REGARDING | CLK ALH |
| | | | ATTORNEYS FEES & UNAUTHORIZED | CLK |
| | | | PRACTICE OF LAW | CLK |
| | | | *PRF/SVC | CLK |
| 32 | 09/23/14 | | PROOF OF SERVICE FILED | CLK ALH |
| | | | RE: PLTF'S FIRST REQUEST FOR | CLK |
| | | | INTERROGATORIES,ADMISSIONS AND | CLK |
| | | | TO PRODUCE DOCUMENTS TO DEF | CLK |
| 33 | 10/07/14 | D 001 | OBJECTION TO PLTF'S WITNESS | CLK ALH |
| | | | LIST | CLK |
| | | | *PRF/SVC | CLK |
| 34 | | D 001 | WITNESS AND EXHIBIT LIST | CLK ALH |
| | | | *PRF/SVC | CLK |
| 35 | | D 001 | DEF'S RESPONSE TO PLTF'S FIRST | CLK ALH |
| | | | REQUEST FOR INTERROGATORIES | CLK |
| | | | ADMISSIONS AND TO PRODUCE | CLK |
| | | | DOCUMENTS TO DEFENDANT WITH | CLK |
| | | | EXHIBITS 1-6 | CLK |
| 36 | 10/09/14 | | WRIT OF HABEAS CORPUS FOR | CLK ALH |
| | | | 2-25-14 | CLK |
| 37 | 10/27/14 | | WRIT OF HABEAS CORPUS FOR | CLK ALH |
| | | | 2-26-14 | CLK |
| 38 | 11/14/14 | | PROOF OF SERVICE FILED | CLK ALH |
| | | | RE: WRIT OF HABEAS CORPUS ONE | CLK |
| | | | FOR FEB 15,2015 AND ONE FOR | CLK |
| | | | FEB 26,2015 | CLK |
| 39 | 11/26/14 | | *STIPULATED ORDER TO EXTEND | CLK ALH |

Case:16-80049-jwb Doc #:150-1 Filed: 08/23/18 Page 5 of 36

| | | | | |
|---|---|---|---|---|
| | | | DISCOVERY AND ADJOURN CASE | CLK |
| | | | EVALUATION | CLK |
| 40 | 12/15/14 | | *DISCOVERY TO KEVIN MARK | CLK ALH |
| | | | WIGGER | CLK |
| | | | *PRF/SVC | CLK |
| 41 | | D 001 | MOTION FILED | CLK ALH |
| | | | RECEIPT# 00168896 AMT $20.00 | |
| | | | SET NEXT DATE FOR: 01/06/15 2:00 PM | CLK |
| | | | MOTION HEARING | |
| | | | SUMMARY DISPOSITION | CLK |
| | | | *DEF'S MOTION FOR SUM DISPO | CLK |
| | | | WITH EXHIBITS 1-8 | CLK |
| | | | *NTC OF HRG | CLK |
| | | | *PRF/SVC | CLK |
| 42 | 12/22/14 | | *WRIT OF HABEAS CORPUS | CLK ALH |
| 43 | 12/30/14 | | PROOF OF SERVICE FILED | CLK ALH |
| | | | RE: WRIT OF HABEAS CORPUS | CLK |
| 44 | 01/02/15 | P 001 | *BRIEF IN RESPONSE TO DEF'S | CLK ALH |
| | | | MOTION FOR SUMMARY DISPO | CLK |
| | | | WITH EXHIBITS 1-2 | CLK |
| | | | *PRF/SVC | CLK |
| 45 | 01/06/15 | | MOTION HEARING | CRT DLB |
| | | | M/SD. DENIED W/O PREJUDICE. | CRT |
| | | | MOTION TO WITHDRAW AS ATTNY | CRT |
| | | | BY VANECK GRANTED & SIGNED. | CRT |
| | | | THE REMAINDER AS STATED ON THE | CRT |
| | | | RECORD. VANECK/SIVER | CRT |
| | | | RECORDED UNDER 14-49841-CZ | CRT |
| | | | POLYCOM VIDEO | CRT |
| 46 | | | *ORDER DISMISSING PLTF'S ATTY | CLK ALH |
| | | | FROM REPRESENTING PLTF | CLK |
| 47 | | P 001 | FROM: VAN ECK,WILLIAM A., | CLK ALH |
| | | | TO: PRO-PER | CLK |
| 48 | 01/09/15 | | *STATUS ORDER FOLLOWING HRG ON | CLK ALH |
| | | | JANUARY 6, 2015 | CLK |
| | | | *PRF/SVC | CLK |
| 49 | 01/20/15 | | PROOF OF SERVICE FILED | CLK SUE |
| | | | PARTY NOTIFICATION TO BOTH | CLK |
| | | | PARTIES THAT HRGS TENTATIVELY | CLK |
| | | | SCHEDULED FOR 2/17/15 WILL BE | CLK |
| | | | HEARD ON 2/23/15 AT 11:30 | CLK |
| 50 | | D 001 | MOTION FILED | CLK ALH |
| | | | RECEIPT# 00169376 AMT $20.00 | |
| | | | SET NEXT DATE FOR: 01/26/15 11:30 AM | CLK |
| | | | MOTION HEARING | |
| | | | RE: COMPEL DISCOVERY | CLK |
| | | | *DEF'S MOTION TO COMPEL | CLK |
| | | | DISCOVERY AND TO ADMIT ALL | CLK |
| | | | REQUEST FOR ADMISSIONS WITH | CLK |
| | | | EXHIBITS 1-2 | CLK |
| | | | *NTC OF HRG | CLK |
| | | | *PRF/SVC | CLK |
| 51 | 01/26/15 | | MOTION HEARING | CRT DLB |
| | | | MOTION TO COMPEL. DENIED | CRT |
| | | | WITHOUT PREJUDICE, OTHER | CRT |
| | | | MATTERS AS STATED ON THE | CRT |
| | | | RECORD. IPP/SIVER | CRT |

| No. | Date | Party | Entry | Clerk |
|---|---|---|---|---|
| 52 | 01/27/15 | | REMOVE NEXT EVENT: 02/25/15 9:30 AM | CLK SUE |
| | | | JURY TRIAL | |
| | | | CANCELED BY COURT ORDER | CLK |
| | | | FOLLOWING HEARING OF 1/26/15 | CLK |
| 53 | 01/28/15 | P 001 | WRIT OF HABEAS CORPUS FOR | CLK SUE |
| | | | HRT ON 2/17/15; JUDGE NOT | CLK |
| | | | SIGNING AS HRG WAS CANCELED | CLK |
| | | | BY ORDER OF 1/28/15 | CLK |
| 54 | | | *ORDER FOLLOWING HEARING ON | CLK ALH |
| | | | JANUARY 26,2015 | CLK |
| 55 | | P 001 | MOTION FILED | CLK ALH |
| | | | RECEIPT# 00169549 AMT $20.00 | |
| | | | SET NEXT DATE FOR: 02/17/15 11:30 AM | CLK |
| | | | MOTION HEARING | |
| | | | RE:MOT TO STRIKE DEF'S REMARKS | CLK |
| | | | *PLTF'S MOTION TO STRIKE | CLK |
| | | | DEF'S USE OF DEROGATORY | CLK |
| | | | REMARKS WITH EXHIBITS 1-4 | CLK |
| | | | *PLTF'S 4TH AMENDED COMPLAINT | CLK |
| | | | AND DEMAND FOR JURY TRIAL | CLK |
| | | | *PLTF'S OBJ TO DEF'S DISCOVERY | CLK |
| | | | REQUEST | CLK |
| | | | *AMENDED WITNESS/EXHIBIT LIST | CLK |
| | | | *PRF/SVC | CLK |
| 56 | | | *SUBPOENA TO TERI DRAGGER | CLK ALH |
| | | | *PRF/SVC | CLK |
| | | | *SUBPOENA TO CFO MODULAR | CLK |
| | | | SYSTEMS | CLK |
| | | | *PRF/SVC | CLK |
| 57 | 02/03/15 | | PROOF OF SERVICE FILED | CLK ALH |
| | | | RE: DEF'S DISCOVERY TO KEVIN | CLK |
| | | | WIGGER | CLK |
| 58 | | | REMOVE NEXT EVENT: 02/17/15 11:30 AM | CLK SUE |
| | | | MOTION HEARING | |
| | | | adj to 2/23/15, and then | CLK |
| | | | canceled from 2/23/15 by the | CLK |
| | | | court | CLK |
| 59 | | | NOTICE SENT FOR: 05/08/15 2:30 PM | CLK SUE |
| | | | PRETRIAL SETTLEMENT CONFERENCE | |
| 60 | | | NOTICE SENT FOR: 06/24/15 9:30 AM | CLK SUE |
| | | | JURY TRIAL | |
| | | | DAY 1 OF 3 | CLK |
| 62 | | | *OPINION AND ORDER REVISING | CLK SW |
| | | | SCHEDULING ORDER | CLK |
| | | | *CERTIFICATE OF MAILING | CLK |
| 63 | | | *OPINION AND ORDER DENYING | CLK SW |
| | | | PLTF'S MOT TO STRIKE DEF'S | CLK |
| | | | EXHIBITS AND DEF'S USE OF | CLK |
| | | | DEROGATORY REMARKS | CLK |
| | | | *SCHEDULING ORDER-APPENDIX A | CLK |
| | | | *CERTIFICATE OF MAILING | CLK |
| 61 | 02/04/15 | | ADR REJECTED | CLK SUE |
| 64 | 02/11/15 | P 001 | *AMENDED SUMMONS AND COMPLAINT | CLK SW |
| | | | *PLTF'S FOURTH AMENDED | CLK |
| | | | COMPLAINT AND DEMAND FOR | CLK |
| | | | JURY TRIAL W/EXHIBITS 1-2 | CLK |
| 74 | | D 002 | RETURN OF SERVICE | CLK SW |

Case:16-80049-jwb Doc #:150-1 Filed: 08/23/18 Page 7 of 36

| | | | | |
|---|---|---|---|---|
| | | RE: SUMMONS & COMPLAINT | CLK | |
| | | *PER/SVC | CLK | |
| | | *ACK/WVC W/SUMMONS & COMPLAINT | CLK | |
| 65 02/12/15 | | *ANSWER TO PLTF'S FOURTH | CLK | SW |
| | | AMENDED COMPLAINT | CLK | |
| | | *RE-ALLEGED AFFIRMATIVE | CLK | |
| | | DEFENSES | CLK | |
| | | *PRF/SVC | CLK | |
| 66 02/13/15 | D 001 | *DEF'S OBJ TO PLTF'S AMENDED | CLK | ALH |
| | | WITNESS AND EXHIBIT LIST | CLK | |
| | | *PRF/SVC | CLK | |
| 67 02/17/15 | D 001 | *RE-ALLEGED AFFIRMATIVE | CLK | SW |
| | | DEFENSES | CLK | |
| | | *PRF/SVC | CLK | |
| 68 02/25/15 | D 001 | *DEF'S SUPPLEMENTARY BRIEF IN | CLK | SW |
| | | SUPPORT OF DEF'S MOT FOR | CLK | |
| | | SUMMARY DISPOSITION | CLK | |
| | | *PRF/SVC | CLK | |
| 69 | | PROOF OF SERVICE FILED | CLK | SW |
| | | RE: TRUE COPY OF STIP/ORDER TO | CLK | |
| | | EXTEND DISCOVERY THROUGH CASE | CLK | |
| | | EVALUATION | CLK | |
| 70 02/26/15 | P 001 | MOTION FILED | CLK | ALH |
| | | RECEIPT# 00170244 AMT $20.00 | | |
| | | *MOTION FOR SUMMARY DISPO | CLK | |
| | | *BRIEF IN SUPPORT OF MOTION | CLK | |
| | | *NTC OF HRG | CLK | |
| | | *PRF/SVC | CLK | |
| 71 | P 001 | *PLTF'S RESPONSE TO DEF'S REQ | CLK | ALH |
| | | FOR ADMISSIONS AND REQ FOR | CLK | |
| | | DOCUMENTS | CLK | |
| | | *PLTF'S ANSWERS TO DEF'S | CLK | |
| | | INTERROGATORIES | CLK | |
| | | *PLTF'S SUMMARY OF EXHIBITS | CLK | |
| | | & DEF'S REQ FOR PROD OF DOCS | CLK | |
| | | EXHIBITS 1-14 | CLK | |
| 72 | P 001 | MOTION FILED | CLK | ALH |
| | | *PLTF'S MOT TO COMPEL AND REQ | CLK | |
| | | FOR ORDER TO PRODUCE WITH | CLK | |
| | | ATTACHMENTS | CLK | |
| 73 03/09/15 | | MOTION FILED | CLK | SW |
| | | RECEIPT# 00170375 AMT $20.00 | | |
| | | SET NEXT DATE FOR: 04/06/15 11:30 AM | CLK | |
| | | MOTION HEARING | | |
| | | RE: FIRST RESPONSIVE PLEADING | CLK | |
| | | MOTION TO DISMISS | CLK | |
| | | *FIRST RESPONSIVE PLEADING MOT | CLK | |
| | | TO DISMISS | CLK | |
| | | *BRIEF IN SUPPORT | CLK | |
| | | *NTC OF HRG | CLK | |
| | | *PRF/SVC | CLK | |
| 82 | D 002 | APPEARANCE | CLK | SUE |
| | | ATTORNEY: P-69751 SIVER | CLK | |
| | | **this entry made by the court | CLK | |
| | | as CCR did not when it entered | CLK | |
| | | the motion filed by atty | CLK | |
| | | Siver | CLK | |

| | | | | |
|---|---|---|---|---|
| 75 | 03/18/15 | | PROOF OF SERVICE FILED | CLK SW |
| | | | RE: POLICE REPORT | CLK |
| 76 | 03/19/15 | D 001 | *DEF'S RESPONSE TO PLTF'S MOT | CLK SW |
| | | | FOR SUMMARY DISPOSITION | CLK |
| | | | *BRIEF IN SUPPORT | CLK |
| | | | *DEF'S RESPONSE TO PLTF'S MOT | CLK |
| | | | TO COMPEL & REQUEST FOR ORDER | CLK |
| | | | TO PRODUCE W/EXHIBITS A-D | CLK |
| | | | *PRF/SVC | CLK |
| 77 | 04/02/15 | | REMOVE NEXT EVENT: 04/06/15 11:30 AM | CLK SUE |
| | | | MOTION HEARING | |
| | | | COURT NOT ALLOWING ORAL | CLK |
| | | | ARGUMENT PER PREVIOUS ORDER | CLK |
| 78 | 04/06/15 | | *PLTF'S RESPONSE TO DEF'S 1ST | CLK SW |
| | | | RESPONSIVE PLEADING-MOT TO | CLK |
| | | | DISMISS | CLK |
| | | | *PLTF'S BRIEF IN RESPONSE | CLK |
| | | | *PRF/SVC | CLK |
| 79 | 04/14/15 | | *ORDER FOR WRIT OF HABEAS | CLK SW |
| | | | CORPUS | CLK |
| | | | *CERTIFICATE OF ALLOWANCE OF | CLK |
| | | | WRIT | CLK |
| 80 | 04/15/15 | | *ATTORNEY'S LIEN | CLK SW |
| | | | *PRF/SVC | CLK |
| 81 | 04/22/15 | | RECD CALL FROM PLTF; NOW | CLK SUE |
| | | | IN CENTRAL MI CORR FACILITY | CLK |
| | | | IN ST LOUIS | CLK |
| 83 | 05/01/15 | | *OPINION & ORDER DENYING | CLK SW |
| | | | PLTF'S MOT TO COMPEL | CLK |
| | | | *CERTIFICATE OF MAILING | CLK |
| 84 | | | *OPINION & ORDER DISMISSING | CLK SW |
| | | | ALISA WIGGER | CLK |
| | | | **CERTIFICATE OF MAILING** | CLK |
| | | | *ORDER REGARDING ATTORNEY'S | CLK |
| | | | LIEN | CLK |
| | | | **CERTIFICATE OF MAILING** | CLK |
| 85 | 05/08/15 | | MISCELLANEOUS HEARING | CRT DLB |
| | | | PTSC. HELD & AS STATED ON THE | CRT |
| | | | RECORD. IPP/SIVER | CRT |
| 86 | 05/12/15 | D 002 | MISCELLANEOUS ACTION BY JUDGE | CRT MLW |
| | | | DISMISSED | CRT |
| 88 | 05/14/15 | | PROOF OF SERVICE FILED | CLK SW |
| | | | RE: AMENDED ATTORNEY'S LIEN | CLK |
| | | | W/ATTACHMENT | CLK |
| 89 | | | *AMENDED ANSWER TO PLTF'S 4TH | CLK SW |
| | | | AMENDED COMPLAINT W/EXHIBIT1 | CLK |
| | | | 1-8 | CLK |
| | | | *PRF/SVC | CLK |
| 87 | 05/15/15 | | *AMENDED ATTORNEY'S LIEN | CLK SW |
| | | | W/ATTACHMENT | CLK |
| 90 | 05/26/15 | | *NO OBJ TO 7-DAY ORDER | CLK SW |
| | | | *ORDER SENT TO JUDGE* | CLK |
| 91 | 05/28/15 | | Recieved 4 motions from Plain- | CLK MLW |
| | | | tiff on 5/27/15. All documents | CLK |
| | | | returned as no filing fee was | CLK |
| | | | enclosed. | CLK |
| 92 | | | *ORDER | CLK SW |

Case:16-80049-jwb Doc #:150-1 Filed: 08/23/18 Page 9 of 36

| | | | | |
|---|---|---|---|---|
| 93 | 06/04/15 | | *OPINION & ORDER REGARDING SUMMARY DISPOSITION MOTIONS | CLK SW |
| | | | *PER/SVC | CLK |
| 94 | | | *RESPONSE TO MOT TO QUASH LIEN | CLK SW |
| | | | *RESPONSE TO MOT TO APPOINT RECEIVER | CLK |
| | | | *RESPONSE TO MOT TO AMEND FEE REQUEST | CLK |
| | | | *REPONSE TO MOT IN LIMINE | CLK |
| | | | *PRF/SVC | CLK |
| 95 | 06/09/15 | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO DIANE C RIOS | CLK |
| | | | **SENT TO JUDGE** | CLK |
| 96 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO TERI DRAGGER | CLK |
| | | | **SENT TO JUDGE** | CLK |
| 97 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO ADA YOUNG | CLK |
| | | | **SENT TO JUDGE** | CLK |
| 98 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO ALISA JOY WIGGER | CLK |
| | | | **SENT TO JUDGE** | CLK |
| 99 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO GEORGE ROBERT WIGGER | CLK |
| | | | **SENT TO JUDGE** | CLK |
| 100 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO MICHAEL SCOTT LORENZ | CLK |
| | | | **SENT TO JUDGE** | CLK |
| 101 | | P 001 | MOTION FILED | CLK SW |
| | | | RECEIPT# 00172340 AMT $20.00 | |
| | | | *MOT IN LIMINE | CLK |
| | | | *BRIEF IN SUPPORT | CLK |
| | | | *MOT FOR RECONSIDERATION | CLK |
| | | | *MOT TO APPOINT RECEIVER | CLK |
| | | | *MOT TO QUASH ATTY LIEN W/ATTACHMENTS | CLK |
| | | | *MOT TO AMEND ATTY FEE REQUEST W/ATTACHMENTS | CLK |
| | | | *NTC OF HRG | CLK |
| | | | *PRF/SVC | CLK |
| 102 | | P 001 | CORRESPONDENCE | CLK SW |
| | | | *FROM KEVIN WIGGER TO THOMAS SIVER | CLK |
| 103 | 06/16/15 | | WRIT HABEAS CORPUS FOR JURY TRIAL JUNE 24-26, 2015 9:30 | CLK SUE |
| 105 | | D 001 | BRIEF FILED | CLK SW |
| | | | *W/EXHIBIT A | CLK |
| | | | *PRF/SVC | CLK |
| 104 | 06/17/15 | D 001 | EMAIL FROM SIVER; DEFENDANT WANT BENCH TRIAL INSTEAD OF JURY | CLK SUE |
| 106 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO TERI DRAGGER TO APPEAR AT JURY TRIAL SCHEDULED ON 6/24/15 | CLK |

| | | | | |
|---|---|---|---|---|
| 107 | | | *SUBPOENA TO ALISA JOY WIGGER TO APPEAR AT JURY TRIAL SCHEDULED ON 6/24/15 | CLK SW |
| 108 | | | *SUBPOENA TO GEORGE ROBERT WIGGER TO APPEAR AT JURY TRIAL SCHEDULED ON 6/24/15 | CLK SW |
| 109 | | | *SUBPOENA TO DIANE C RIOS TO APPEAR AT JURY TRIAL SCHEDULED ON 6/24/15 | CLK SW |
| 110 | | | *OPINION & ORDER REGARDING PLTF'S SUBPOENAS | CLK SW |
| 111 | | | *SUBPOENA TO MICHAEL SCOTT LORENZ TO APPEAR AT JURY TRIAL SCHEDULED ON 6/24/15 | CLK SW |
| 112 | | | *SUBPOENA TO ADA YOUNG TO APPEAR AT JURY TRIAL SCHEDULED ON 6/24/15 | CLK SW |
| 113 | 06/19/15 | | *OPINION & ORDER CONCERNING PLTF'S MOTIONS TO QUASH FOR A RECEIVER & FOR FEES *PRF/SVC | CLK SW |
| 114 | | | *OPINION & ORDER REGARDING KEVIN'S RECONSIDERATION & LIMINE MOTIONS *PRF/SVC | CLK SW |
| 115 | 06/22/15 | P 001 | *PLTF'S TRIAL BRIEF *PLTF'S PROPOSED JURY INSTRUCTIONS *PRF/SVC | CLK ALH |
| 116 | | | PROOF OF SERVICE FILED RE: SUBPOENA TO GEORGE WIGGER | CLK SW |
| 117 | | | *BLANK PROOFS OF SERVICES RE: SUBPOENAS TO MICHAEL SCOTT LORENZ; DIANE C. RIOS; ALISA JOY WIGGER; TERI DRAGGER C/O FIFTH THIRD BANK; ADA YOUNG | CLK SW |
| 118 | 06/24/15 | | NON-JURY TRIAL WHOLE DAY BENCH TRIAL - DAY ONE IPP/SIVER | CRT DLB |
| 119 | 06/25/15 | | NON-JURY TRIAL WHOLE DAY BENCH TRIAL CONTINUES - DAY TWO. IPP/SIVER | CRT DLB |
| 120 | 06/26/15 | | NOTICE SENT FOR: 06/30/15 8:30 AM NON-JURY TRIAL BENCH TRIAL CONTINUES, DAY 3 | CLK SUE |
| 121 | | | PROOF OF SERVICE FILED | CLK SUE |
| 122 | | | *ORDER FOR WRIT OF HABEAS CORPUS | CLK SW |
| 123 | | | *OPINION AND ORDER DENYING MOTIONS FOR DIRECTED VERDICT *PRF/SVC | CLK SW |
| 124 | 06/30/15 | | NON-JURY TRIAL WHOLE DAY BENCH TRIAL CONTINUES. DAY THREE. IPP/SIVER ORAL MOTION TO ADJOURN TRIAL - DENIED | CRT DLB |
| 125 | | | NOTICE SENT FOR: 07/09/15 8:30 AM | CLK SUE |

---

| | | | | |
|---|---|---|---|---|
| | | | NON-JURY TRIAL | |
| | | | CONTINUED BENCH TRIAL | CLK |
| 126 | | | ORDER FOR WRIT FOR HABEAS | CLK SUE |
| | | | CORPUS - 7/9/15 | CLK |
| 127 | 07/01/15 | | LTR FROM JUDGE HICKS TO JAMES | CLK SUE |
| | | | LONG, ATTY GENERAL OFFICE; | CLK |
| | | | C: KEVIN WIGGER & SIVER | CLK |
| 128 | | | EMAIL RESPONSE FROM JAMES | CLK SUE |
| | | | LONG FROM ATTY GEN OFFICE | CLK |
| | | | **copy to Siver & K. Wigger by | CLK |
| | | | email | CLK |
| 129 | 07/09/15 | | NON-JURY TRIAL WHOLE DAY | CRT WEK |
| | | | IPP/Siver Trial Day four | CRT |
| 130 | | P 001 | SUBPOENA | CLK SW |
| | | | *SUBPOENA TO KEVIN MARK WIGGER | CLK |
| | | | TO PRODUCE INSPECTION/COPYING | CLK |
| | | | *FOR 7/9/15 @ 8:30AM | CLK |
| | | | *PRF/SVC VIA FAX | CLK |
| 131 | 07/10/15 | | *OPINION & ORDER DENYING MOT | CLK SW |
| | | | FOR DIRECTED VERDICT | CLK |
| | | | *PRF/SVC | CLK |
| 132 | 07/16/15 | | *OPINION AND ORDER AFTER BENCH | CLK SW |
| | | | TRIAL | CLK |
| | | | *PRF/SVC | CLK |
| 133 | 08/03/15 | | *CORRESPONDENCE FROM STATE OF | CLK SW |
| | | | MICHIGAN DEPT OF CORRECTIONS | CLK |
| | | | LANSING TO JUDGE HICKS | CLK |
| | | | *AFFIDAVIT OF MICHAEL T | CLK |
| | | | WHITFORD W/ATTACHMENT | CLK |
| | | | *PRF/SVC | CLK |
| 134 | 08/06/15 | P 001 | MOTION FILED | CLK SW |
| | | | SET NEXT DATE FOR: 09/14/15 8:30 AM | CLK |
| | | | MOTION HEARING | |
| | | | MOT FOR NEW TRIAL | CLK |
| | | | *EX PARTE AFFIDAVIT OF | CLK |
| | | | INDIGENCY | CLK |
| | | | ***************************** | CLK |
| | | | WAIVER/SUSPENSION OF FEES | CLK |
| | | | AND COSTS GRANTED | CLK |
| | | | ***************************** | CLK |
| | | | *MOT FOR NEW TRIAL | CLK |
| | | | *BRIEF IN SUPPORT W/EXHIBITS | CLK |
| | | | A-B | CLK |
| | | | *NTC OF HRG | CLK |
| 135 | | | *AFFIDAVIT OF KEVIN MARK | CLK SW |
| | | | WIGGER | CLK |
| | | | *PRF/SVC (also for event 134) | CLK |
| 136 | 08/10/15 | | *OPINION & ORDER DENYING | CLK SW |
| | | | PLTF'S MOT FOR NEW TRIAL W/O | CLK |
| | | | PREJUDICE | CLK |
| | | | *PRF/SVC | CLK |
| 137 | 08/12/15 | | *OPINION & ORDER DENYING | CLK SW |
| | | | SUBPOENAS FOR FIFTH THIRD | CLK |
| | | | SECURITIES & FIFTH THIRD | CLK |
| | | | BANK | CLK |
| | | | *PRF/SVC | CLK |
| 138 | 08/26/15 | | *ORDER REGARDING JUDGMENT | CLK SW |

| | | | |
|---|---|---|---|
| | | *PRF/SVC | CLK |
| 139 09/21/15 | P 001 | MOTION FILED | CLK MLW |
| | | *MOTION FOR ENTRY OF JUDGMENT | CLK |
| | | *BRIEF IN SUPPORT | CLK |
| | | *AFFIDAVIT OF COST | CLK |
| | | *PRF/SVC | CLK |
| 140 09/28/15 | | *DEF'S RESPONSE TO MOTION FOR | CLK LMS |
| | | ENTRY OF JUDGMENT | CLK |
| | | *PRF/SVC | CLK |
| 141 09/29/15 | | *ORDER PURSUANT TO KEVIN | CLK LMS |
| | | WIGGER'S MOTION FOR ENTRY OF | CLK |
| | | JUDGMENT | CLK |
| 142 10/13/15 | | *PLTF'S REVISED MOTION FOR | CLK LMS |
| | | ENTRY OF JUDGMENT | CLK |
| | | *PLTF'S AFFIDAVIT OF COST | CLK |
| | | *PLTF'S PRF/SVC TO SIVER & | CLK |
| | | ASSOCIATES | CLK |
| | | *PLTF'S ATTORNEY BILL | CLK |
| 143 10/29/15 | | PROOF OF SERVICE FILED | CLK LMS |
| | | *PROOF OF SERVICE | CLK |
| 144 | P 001 | MOTION FILED | CLK LMS |
| | | *MOTION TO QUASH ATTORNEY LIEN | CLK |
| 145 | P 001 | *BRIEF IN SUPPORT OF MOTION | CLK LMS |
| 146 11/04/15 | | CIVIL JUDGMENT ORDER | CLK SUE |
| | | *CIVIL JUDGMENT ORDER | CLK |
| | | TOTAL: $64,812.52 | CLK |
| 147 | D 001 | OPINION | CRT SUE |
| | | JUDGMENT FOR PLAINTIFF | CRT |
| 148 11/19/15 | P 001 | MOTION FILED | CLK LMS |
| | | *MOTION FOR NEW TRIAL | CLK |
| 149 | P 001 | MOTION FILED | CLK LMS |
| | | *MOTION FOR NECESSARY JOINDER | CLK |
| | | OF PARTIES | CLK |
| 150 | P 001 | MOTION FILED | CLK LMS |
| | | *MOTION TO RE-OPEN DISCOVERY | CLK |
| 151 | P 001 | MOTION FILED | CLK LMS |
| | | *MOTION TO AMEND COMPLAINT | CLK |
| 152 | | SET NEXT DATE FOR: 12/14/15 11:00 AM | CLK LMS |
| | | MOTION HEARING | |
| | | RE NEW TRIAL, JOINDER OF | CLK |
| | | PARTIES, AMEND COMPLAINT AND | CLK |
| | | TO RE-OPEN DISCOVERY | CLK |
| | | *NOTICE OF HEARING | CLK |
| 153 | | PROOF OF SERVICE FILED | CLK LMS |
| 154 11/23/15 | | *ORDER DENYING MOTION TO | CLK LMS |
| | | QUASH ATTORNEY LIEN, W/O | CLK |
| | | PREJUDICE | CLK |
| 155 11/30/15 | | PROOF OF SERVICE FILED | CLK LMS |
| 156 | | MISCELLANEOUS ORDER | CLK LMS |
| | | *ORDER DENYING MOTIONS AND | CLK |
| | | CANCELLING ORAL ARGUMENT | CLK |
| 157 12/10/15 | | *NOTICE OF HRG FOR HRG ON | CLK LMS |
| | | PLTF'S MOTION TO QUASH ATTY | CLK |
| | | LIEN (CANCELLED DUE TO | CLK |
| | | ORDER SIGNED BY JUDGE) | CLK |
| 158 | | PROOF OF SERVICE FILED | CLK LMS |
| 159 12/11/15 | | *OPINION AND ORDER RE HRG TO | CLK LMS |

| | | | | |
|---|---|---|---|---|
| | | | QUASH ATTORNEY LIEN | CLK |
| 160 | 01/06/16 | | NOTICE SENT FOR: 02/12/16 2:00 PM MISCELLANEOUS HEARING | CLK SUE |
| | | | EVIDENTIARY HEARING RE: | CLK |
| | | | ATTORNEY LIEN (TO BE HELD | CLK |
| | | | BY DOC VIDEO CONFERENCE) | CLK |
| 161 | 01/07/16 | | *OPINION AND ORDER RE MOTION | CLK LMS |
| | | | TO QUASH ATTORNEY LIEN | CLK |
| 164 | 01/25/16 | | *ORDER GRANTING SUBSTITUTED | CLK LMS |
| | | | SERVICE VIA CERTIFIED MAIL | CLK |
| | | | THE 2 ENTITIES IN 1/20/16 | CLK |
| | | | MOTION (OTHER ENTITIES MUST | CLK |
| | | | SUBMIT FINANCIAL DOCS | CLK |
| | | | CORROBORATING FINANCIAL | CLK |
| | | | CLAIMS | CLK |
| | | | *PRF/SVC | CLK |
| 162 | 01/26/16 | | REMOVE NEXT EVENT: 02/12/16 2:00 PM MISCELLANEOUS HEARING | CLK SUE |
| 163 | | | NOTICE SENT FOR: 02/11/16 2:00 PM MISCELLANEOUS HEARING | CLK SUE |
| | | | HRG RE: ATTORNEY LIEN | CLK |
| | | | **RESCHEDULED FROM 2/12/16 | CLK |
| 165 | 01/27/16 | P 001 | MOTION FILED | CLK LMS |
| | | | *EX PARTE MOTION FOR | CLK |
| | | | SUBSTITUTED SERVICE | CLK |
| 166 | 01/28/16 | P 001 | MOTION FILED | CLK LMS |
| | | | *EX PARTE MOTION FOR | CLK |
| | | | RECONSIDERATION OF OPINION | CLK |
| | | | AND ORDER RE MOTION TO QUASH | CLK |
| | | | ATTY LIEN AND SUBMISSION OF | CLK |
| | | | DOCS FOR EVIDENTIARY HRG | CLK |
| 167 | | P 001 | *BRIEF IN SUPPORT OF EX PARTE | CLK LMS |
| | | | MOTION FOR RECONSIDERATION OF | CLK |
| | | | OPINION AND ORDER RE MOTION | CLK |
| | | | TO QUASH | CLK |
| 168 | | P 001 | *PLFT'S FORMAL REQUEST FOR | CLK LMS |
| | | | DOCUMENTS | CLK |
| 169 | | P 001 | GARNISHMENT | CLK LMS |
| | | | *REQUEST AND WRIT OF | CLK |
| | | | GARNISHMENT | CLK |
| | | | RE GEORGE R WIGGER | CLK |
| | | | GARNISHEE:MI DEPT OF TREASURY | CLK |
| 170 | | | GARNISHMENT | CLK LMS |
| | | | *REQUEST AND WRIT OF | CLK |
| | | | GARNISHMENT | CLK |
| | | | RE: GEORGE R WIGGER | CLK |
| | | | GARNISHEE: EMERGENCY SERVICES | CLK |
| 173 | 02/02/16 | | *ORDER DENYING RECONSIDERATION | CLK LMS |
| | | | RE MOTION TO QUASH ATTORNEY | CLK |
| | | | LIEN | CLK |
| 171 | 02/03/16 | | *ORDER FOR ADMINISTRATIVE | CLK LMS |
| | | | CLOSING DUE TO BANKRUPTCY | CLK |
| | | | STAY RE GEORGE WIGGER | CLK |
| 172 | | | *REQUEST AND ORDER TO SEIZE | CLK LMS |
| | | | PROPERTY*******DENIED******* | CLK |
| | | | PURSUANT TO AN ORDER OF STAY | CLK |
| | | | DUE TO US BANKRUPTCY COURT | CLK |

Case:16-80049-jwb Doc #:150-1 Filed: 08/23/18 Page 14 of 36

| | | | |
|---|---|---|---|
| | | RE GEORGE WIGGER | CLK |
| 175 | 02/12/16 | GARNISHEE DISCLOSURE | CLK LMS |
| | | *GARNISHMENT DISCLOSURE | CLK |
| | | RE: GEORGE WIGGER | CLK |
| | | GARNISHEE:EMERGENCY SERVICES | CLK |
| 176 | 02/16/16 | *NOTICE OF BANKRUPTCY RE | CLK LMS |
| | | GEORGE R WIGGER | CLK |
| 177 | 02/18/16 | PROOF OF SERVICE FILED | CLK LMS |
| 178 | | PROOF OF SERVICE FILED | CLK LMS |
| 174 | 02/19/16 | *ORDER DIRECTING BRIEFING | CLK LMS |
| 179 | 03/07/16 | *EX-PARTE BRIEF IN SUPPORT OF | CLK LMS |
| | | PLTF'S POSITION | CLK |
| 180 | 04/01/16 | *CORRESPONDENCE (CONFIDENTIAL) | CLK LMS |
| 181 | 04/05/16 | *ORDER STAYING FILES | CLK LMS |
| 182 | 05/06/16 | MISCELLANEOUS OTHER DOCUMENTS | CLK PRE |
| | | *STATEMENT OF ACCOUNT FOR | CLK |
| | | PLAINTIFF | CLK |
| | | *CERTIFICATE OF MAILING | CLK |
| 183 | 06/10/16 | CORRESPONDENCE | CLK PRE |
| | | *CORRESPONDENCE | CLK |
| 184 | 09/06/16 | TRANSCRIPT FILED | CLK PRE |
| | | ***************************** | CLK |
| | | *TRANSCRIPT RE MOTION HEARING | CLK |
| | | BEFORE JUDGE HICKS ON | CLK |
| | | JANUARY 6, 2015 | CLK |
| | | ***************************** | CLK |
| 185 | | TRANSCRIPT FILED | CLK PRE |
| | | ***************************** | CLK |
| | | *TRANSCRIPT RE MOTION HEARING | CLK |
| | | BEFORE JUDGE HICKS ON | CLK |
| | | JUNE 9, 2014 | CLK |
| | | ***************************** | CLK |
| 186 | | TRANSCRIPT FILED | CLK PRE |
| | | ***************************** | CLK |
| | | *TRANSCRIPT RE MOTION HEARING | CLK |
| | | BEFORE JUDGE HICKS ON | CLK |
| | | JANUARY 26, 2015 | CLK |
| | | ***************************** | CLK |
| 187 | | TRANSCRIPT FILED | CLK PRE |
| | | ***************************** | CLK |
| | | *TRANSCRIPT RE BENCH TRIAL | CLK |
| | | DAY 1 OF 2 BEFORE JUDGE HICKS | CLK |
| | | DATED JUNE 30, 2015 | CLK |
| | | (VOLUME 1 OF 2) | CLK |
| | | ***************************** | CLK |
| 188 | | TRANSCRIPT FILED | CLK PRE |
| | | ***************************** | CLK |
| | | *TRANSCRIPT RE BENCH TRIAL | CLK |
| | | DAY 1 OF 2 (VOLUME 2 OF 2) | CLK |
| | | BEFORE JUDGE HICKS DATED | CLK |
| | | JUNE 30, 2015 | CLK |
| | | ***************************** | CLK |
| 189 | | TRANSCRIPT FILED | CLK PRE |
| | | ***************************** | CLK |
| | | *TRANSCRIPT RE BENCH TRIAL | CLK |
| | | DAY 2 OF 2 BEFORE JUDGE HICKS | CLK |
| | | DATED JULY 9, 2015 | CLK |

Case:16-80049-jwb Doc #:150-1 Filed: 08/23/18 Page 15 of 36

| | | |
|---|---|---|
| | ***************************** | CLK |
| 190 | TRANSCRIPT FILED | CLK PRE |
| | ***************************** | CLK |
| | *TRANSCRIPT RE BENCH TRIAL | CLK |
| | DAY 2 OF 2 BEFORE JUDGE HICKS | CLK |
| | DATED JULY 9, 2015 | CLK |
| | (VOLUME 2 OF 2) | CLK |
| | ***************************** | CLK |
| 192 07/16/18 | MISCELLANEOUS OTHER DOCUMENTS | CLK BAJ |
| | *TRUSTEE'S OBJECTION TO | CLK |
| | DEBTOR'S CLAIM OF EXEMPTIONS | CLK |
| 191 07/17/18 | MISCELLANEOUS OTHER DOCUMENTS | CLK BAJ |
| | *NOTICE TO CREDITORS | CLK |

.............................. END OF SUMMARY ..............................

EXHIBIT "B"

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

KEVIN MARK WIGGER

Plaintiff,

Case No. 14-49481-CZ

V

Honorable Timothy G. Hicks

GEORGE ROBERT WIGGER

Defendant.

______________________________/

Kevin Mark Wigger #581201
Central Michigan Correctional Facility
320 N. Hubbard St.
Saint Louis, MI 48880

______________________________/

Siver & Associates, PLLC
James A. Siver (P33597)
Thomas D. Siver (P69751)
Attorneys for Defendants
1575 Forty-Fourth Street, SW
Grand Rapids, MI 49509
(616)261-5800

______________________________/

CALENDARED

2015 SEP 21 P 3:52

NANCY A. WATERS
MUSKEGON COUNTY CLERK
FILED

MOTION FOR ENTRY OF JUDGMENT

NOW COMES, Plaintiff Kevin Mark Wigger, in Propria Persona, and respectfully submits the following Motion For Entry Of Judgment by stating the following:

1. The following amounts are requested to be included in judgment, all amounts are backed up with documented proof and affidavit.

| | |
|---|---|
| a. Amounts from 4/2/2007 to 8/12/2010 | $51,200.00 |
| b. Additional amounts embezzled | $18,575.00 |
| c. Wire transfer fees | $270.00 |

d. Cost incurred from withdrawals (appendix A) $29,092.15

e. MDOC transportation cost $5,477.59

f. Attorney fees incurred $13,684.58

g. Cost incurred by Kevin/Diane Rios $4,771.17

h. Total damages $122,799.32

i. Treble damages under MCL 600.291a $297,411.45

j. Post filing interest of 6.75% pursuant to MCL 600.6013(7).

k. Total with out post-filing interest added $420,210.77

See attached brief in support of motion. Defendant has 14 days to respond, and the court will resolve this motion without any oral argument.

Plaintiff request the court to enter this as judgement

Dated:September 15, 2015

Respectfully Submitted

Kevin Wigger

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

KEVIN MARK WIGGER

Plaintiff,

Case No. 14-49481-CZ

V

Honorable Timothy G. Hicks

GEORGE ROBERT WIGGER

Defendant.

_______________________________/

Kevin Mark Wigger #581201
Central Michigan Correctional Facility
320 N. Hubbard St.
Saint Louis, MI 48880

_______________________________/

Siver & Associates, PLLC
James A. Siver (P33597)
Thomas D. Siver (P69751)
Attorneys for Defendants
1575 Forty-Fourth Street, SW
Grand Rapids, MI 49509
(616)261-5800

_______________________________/

NANCY A. WATERS
MUSKEGON COUNTY CLERK
FILED
2015 SEP 21 P 3:52

PLAINTIFF'S BRIEF IN SUPPORT OF

MOTION FOR ENTRY OF JUDGMENT

NOW COMES, Plaintiff Kevin Mark Wigger, in Propria Persona, and respectfully submits the following Brief in support of Motion For Entry Of Judgment by stating the following:

ARGUMENT

Following the bench trial that ended on July 9, 2015 Plaintiff received his bank statements that had to be subpoenaed from Fifth Third Securities. Plaintiff also requested an adjournment so as to allow the Plaintiff time to receive the subpoenaed documents, Plaintiff also asked the court to serve process on Ada Young and

allow substituted service on Alisa Wigger, this request was denied. Plaintiff still feels the testimony of Ada Young is critical in resolving a majority of the issues in this case. Once the Defendant knew his mother would not testify he preceded to create his web of lies. This honorable Court signed that subpoena on the third day of trial. In light of all the newly found withdrawals and associated cost Plaintiff respectfully request this Honorable court to reconsider it's order and opinion in regards to the awarding the Defendant $15,000 and not awarding the Plaintiff treble damages.

THE $15,000 AWARD

a. First and foremost, the Defendant has been paid by his mother. Ada Young (Wigger) gave the Defendant the Plaintiff's semi truck and trailer along with his International tractor loader as payment, the Defendant has sold these assets and has recovered the $15,000 he was promised. These items were worth well over the $15,000 that George was owed.

b. The Defendant never mentioned or asked for the $15,000 that was stipulated in the Plaintiff's divorce.

c. Over the past year and a half the Defendant in ALL his pleadings and admissions never mentioned that he had not been paid by his mother.

d. In Defendant's exhibits 27 and 27a the Defendant never mentions being owed the $15,000.

e. If Defendant has not been paid by Ada Young means Ada Young is guilty of Fraudulent Concealment under MCL 600.5855. Ada Young was contacted in regards to this issue and she refused to answer

and did not show up at trial after being subpoenaed to do so.

f. Ada young is also guilty of Breach of Contract under MCL 566.132(1)(b) A promise to answer for the debt, default, or misdoings of another person. Ada Young excepted that responsibility of this debt and this debt was written into the Judgement of Divorce and was signed by both Ada Young and the Plaintiff. Ada Young was also to list the home at 205 N. Third St. with Greenrich Reality, she never did list the house for sale and allowed it to go into foreclosure after she filed for bankruptcy. Ada Young could have sold the home for the $63,000 that was owed on it but chose not to. The Plaintiff had no control over this property and therefore it should not be the Plaintiff's responsibility to pay the Defendant.

STATUTE OF FRAUDS

An agreement on the part of a wife to pay the debt of her husband is invalid unless it is in writing. Goodman v Felcher (1898) 74 N.W. 511, 116 Mich 348.

A husbands agreement to pay the personal debt of his wife is within the Statute of Frauds and must be in writing to be binding. Feist v Root (1915) 155 N.W. 491, 189 Mich 595.

In an action on a hotel bill contracted by a third person, evidence that defendant verbally promised to pay the bill on its presentation to the third person, and that plaintiff never afterwards looked to the third person for its payment, supports a finding that it was understood that the third person should be

released, and defendant substituted as debtor. Green v Soloman (1890) 45 N.W.87, 80 Mich 234.

g. If Defendant felt that he was entitled to the $15,000 that was stipulated in Plaintiff's Divorce, Defendant should have filed a cross claim against the Plaintiff.

h. Plaintiff feels this Honorable court has not fully understood the testimony and should not award the Defendant the $15,000 which cost the Plaintiff over $11,000 in loses.

TREBLE DAMAGES

Plaintiff also request this Honorable Court reconsider it's opinion in regards to Treble Damages for the following reasons:

a. There was NO instructions on how to use the money from Plaintiff's IRA account, therefore there is no ambiguity of instructions given to the Defendant.

b. There is NO AMBIGUITY in any of the Plaintiff's letters in regards to Plaintiff's IRA account. As Plaintiff testified, NONE of the instructions in any of the letters had anything to do with Plaintiff's IRA account. The ONLY reference made about the IRA funds was in Exhibit 5H, dated November 20, 2006, Plaintiff told George..."to go ahead and take money out of the PENSION (emphasis added) account..."but not from the Modular check." Here the Defendant was SPECIFICALLY told NOT to use the money that was to be put into the Plaintiff's IRA account. The Plaintiff's instructions were completely clear a were not vague or ambiguous in any way. All of these letters where written by the Plaintiff

and only the Plaintiff can testify as to their meaning.

d. When the Plaintiff gave Defendant permission to borrow money (letter from April 2006) it was clear that the Plaintiff meant from his Pension account at Fifth Third Bank and that account only. That letter was written just weeks after the Plaintiff was arrested and had NOTHING to do with Plaintiff's IRA account.

e. On page 8 paragraph 6 of this Honorable Courts opinion, Reads.."Many of Kevin's instructions were ambiguous. On exhibit 5R, he tells George to..."use any of my stuff you want, especially if it helps you make money." This statement was in response to a letter from the Defendant telling the Plaintiff that his grandfather, George Hill (Poppy) was trying to prevent the Defedant from using the Plaintiff's tools that were at the marital home of the Plaintiff. The Plaintiff had well over $20,000 in personal tools and equipment at the marital home and the Defendant was helping himself to them against his mothers and grandfathers wishes. (The Plaintiff reminds the court that the Plaintiff was going to prison and took NOTHING from the nearly 30 year marriage.) The above statement had nothing to do what so ever with Plaintiff's IRA account.

f. The actions of the Defendant where rooted in dishonest motive, were done with Malice and wantonness, Defendant acted willfully and unlawfully motivated by nothing more then pure greed. The defendant knew the damage he was doing to the Plaintiff's IRA and had a total disregard for his actions and was totally indifferent to the resulting damage to the Plaintiff's IRA.(see exhibit 2, account statement). Defendant meant to harm the Plaintiff

financially with a total disregard for the Plaintiff's future. Defendant assumed the Plaintiff would die in prison without ever finding out what the Defendant had done. Defendant's testimony that he spoke with the Plaintiff on the phone and got permission is totally false in its entirety, all of the Plaintiff's phone calls are recorded and it would be easy for this court to subpoena transcripts of all Plaintiff's phone conversations with the Defendant.

In Hoffenblum v Hoffenblum the court declined to award treble damages under MCL 600.2191a because the father was relying on advice he received from his financial planer. This Honorable Court cited the Hoffenblum court as to "raise the bar" for imposition of treble damages. This instant case is totally different and is rooted in "Dishonest behavior" so therefore the Plaintiff is entitled to treble damages under MCL 600.2919a.

g. Post trial Plaintiff requested this Honorable court to sign several subpoenas. One of those was to David Brus, Plaintiff's financial planner, this subpoena was to allow the Plaintiff to subpoena a total profit and lose analysis of Plaintiff's IRA account to try and ascertain the total damage caused by the Defendant's embezzlement. The total lose incurred goes far deeper then the loses that were realized by the actions of the Defendant. The Plaintiff incurred lose of income on every share of Plaintiff's IRA fund. David Brus is the only person who can give a complete picture of these loses and this Honorable Court declined signing those subpoenas so for that reason also the Plaintiff is asking for treble damages.

STATUTORY INTEREST POST-JUDGMENT

Plaintiff is allowed a statutory interest rate of 6.65% pursuant to MCL 600.6013(7). This judgement is on a written instrument that has a set rate of 6.65%. (see exhibit 3) The IRA account has had this set rate since July 2013.

EXEMPTION FROM LEVY

This judgement is exempt from levy under MCL 600.6023(1)(k). Since the IRA account was exempt so should the judgement be exempt since the money was embezzled out of the IRA.

WHEREFORE, Plaintiff prays for the following:

Do not award Defendant $15,000

Award Plaintiff Treble Damages.

Award all cost and damages listed on Appendix A.

Award post-judgement interest of 6.65%.

Declare judgment free from levy by the State and allow Plaintiff/Diane Rios-DPOA to reinvest judgment debt back into the protected IRA account from which it was embezzled.

Dated: September 15, 2015

Respectfully submitted

Kevin Wigger

APPENDIX A

APPENDIX A

| Date | Amount | Wire fee | Cost/Loss |
|---|---|---|---|
| April 2, 2007 | $5,500.00 | | ($135.04) |
| August 10, 2007 | $2,000.00 | | |
| August 17, 2007 | $3,000.00 | | ($53.40) |
| March 4, 2008 | $6,500.00 | ($15.00) | ($719.29) |
| August 20, 2008 | $715.00 | ($15.00) | ($155.63) |
| October 18,2008 | $6,500.00 | ($15.00) | ($3825.70) |
| April 9, 2009 | $3,000.00 | ($15.00) | ($2949.17) |
| May 14, 2009 | $1,000.00 | ($15.00) | ($851.32) |
| June 18,2009 | $2,500.00 | ($15.00) | ($1998.83) |
| July 27, 2009 | $3,000.00 | ($15.00) | ($2,118.24) |
| November 16, 2009 | $3,500.00 | ($15.00) | ($1,920.26) |
| November 20, 2009 | $3,500.00 | ($15.00) | ($1,920.26) |
| February 22, 2010 | $4,500.00 | ($15.00) | ($2,651.88) |
| March 30, 2010 | $3,000.00 | ($15.00) | ($1,550.09) |
| August 12, 2010 | $2,985.00 | ($15.00) | ($1,845.20) |
| Totals | $51,200.00 | ($180.00) | ($22,694.31) |
| | NEWLY FOUND 2011 WITHDRAWALS | | |
| March 16, 2011 | $2,985.00 | ($15.00) | ($1,093.61) |
| May 5, 2011 | $3,485.00 | ($15.00) | ($1,068.05) |
| July 18, 2011 | $4,985.00 | ($15.00) | ($1,643.72) |
| August 19, 2011 | $685.00 | ($15.00) | ($312.93) |
| August 22, 2011 | $1,985.00 | ($15.00) | ($891.39) |
| Totals For 2011 | $14,125.00 | ($75.00) | ($5,009.70) |
| | 2012 WITHDRAWALS | | |
| March 26, 2012 | $4,450.00 | ($15.00) | ($1,388.14) |
| 2011/12 Totals | $18,575.00 | ($90.00) | ($6,397.84) |
| Grand Total | $69,775.00 | ($270.00) | ($29,092.15) |
| Combined total withdrawals + Wire Fees + Cost/Loss | | | ($99,137.15) |

EXHIBIT 2

FIFTH THIRD SECURITIES, INC.
MD 1MOB2A
5050 KINGSLEY DRIVE
CINCINNATI, OH 45263

FIFTH THIRD SECURITIES

A7111021974
NFS/FMTC ROLLOVER IRA
FBO [redacted]
23620 110TH AVE
TUSTIN MI 49688

IMPORTANT MESSAGE

Investments are offered through Fifth Third Securities, Inc.,

Member FINRA/SIPC.

**Account:** 044-397911
**Confirm Date:** 07/22/2013

**Investment Rep Name:**
D . BRUS
**For Questions Call:** (616) 847-2221

## TRADE CONFIRMATION SUMMARY REPORT

**YOU BOUGHT** Trade Date: 07-22-13 Settlement Date: 07-31-13

| Symbol | Ref # | Qty | Price | Cusip | Type | Reg Rep |
|---|---|---|---|---|---|---|
| | 13203-0C28TF | 73,000 | 100 | 22547Q5S1 | 1 * | BIU BIU |

SECURITY DESCRIPTION
CREDIT SUISSE NEW YORK BRANCH RGE ACCRL UNRATED
WE HAVE ACTED AS PRINCIPAL.
COUPON 6.65000% MATURITY DATE 04/30/2019 INTEREST PAID MONTHLY
1ST INT PAYMT 08/30/13 DTD 07/31/2013
PROSPECTUS SENT IF REQUIRED SOLICITED ORDER

Principal Amount 73,000.00
**Settlement Amount 73,000.00**

Investments offered by Fifth Third Securities, Inc., member FINRA/SIPC, (trade name Fifth Third Securities): are not FDIC insured: not deposits or obligations of any bank: not guaranteed by any financial institution or any other federal government agency: and subject to investment risk, including possible loss of principal invested.

Account carried with National Financial Services LLC. All orders are unsolicited unless specified above. Make checks payable to National Financial Services LLC. Please include your account number on your check.

## EXPLANATIONS OF CODED SYMBOLS

*ORIG, - ORIGIN:
0 - Average Price - capacity and details furnished upon request
1 - 1,2,3,4 & 8 - National Financial Services LLC has acted as Agent for This Trade
5 - National Financial Services LLC has acted as Principal for This Trade
6 - Syndicates
7 - When Issued Transactions
9 - Cross Trades - capacity furnished upon request
A - We have acted as Agent for This Trade.

C,X - We have acted as Agent for the Buyer and Seller charging a commission as shown on the face hereof. Commission rates are subject to negotiation and any commission charged to you in this transaction may be more or less commissions charged to or by others in similar transactions. The source and amount of other commissions charged in connection with this transaction will be furnished upon request.
E,Z - We have acted as Principal for our Own Account. As the transaction was effected on an Exchange, a commission has been charged.
P - We have acted as Principal for This Trade.

*T - TYPE OF ACCOUNT:
0 - Deliver/Receive Vs. Payment
1 - Cash Account
2 - Margin Account
3 - Short Account
6 - Special Account
8 - When Issued/TBA
9 - Income Account

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12-1/2 cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request
D2. No periodic interest payments - Callable below maturity value without notice by mail to holder unless registered.
D4. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon written request.

Ratings information when provided has been obtained from select ratings services which NFS believes to be reliable, however NFS cannot guarantee its accuracy or completeness. Ratings are subject to change. NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services.

Certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect yield. Complete information will be provided upon written request.

Descriptive words in the "Securities Description" of any security are used for identification purposes only, and do not constitute representations.

---

Please inform your broker dealer promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to your broker dealer and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents and to any applicable SRO, State and/or Federal regulations. It is further understood and agreed that on margin business all securities or other assets bought or held by us, are pledged as collateral security for any and all claims and demand we then or thereafter may have against the party giving such orders whether arising there under or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed, or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery, or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be cancelled if such exchange or association shall so determine. National Financial Services LLC ("NFS") may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

An open order will remain in effect until executed or cancelled. Customers may cancel open orders at any time prior to execution. NFS will cancel open orders after 120 calendar days and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. A cancellation notice will be delivered to you in this event. Limits on OPEN ORDERS TO BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities are traded, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

In connection with access to, purchase of, and/or maintenance of positions in mutual funds and other investment products ("funds"), your introducing broker dealer and/or NFS may receive the sales loads and 12b-1 fees described in the prospectus as well as additional compensation, paid by the funds, their investment advisors or affiliates. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by your introducing broker dealer and/or NFS will be furnished to you upon written request. At time of purchase fund shares may be assigned a load, transaction fee or no transaction fee status. At time of sale, any fees applicable to your transaction will be assessed based on the status assigned to the shares at time of purchase.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request. The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged. Name of the other party, time of execution and remuneration furnished on request.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Your broker dealer and/or NFS receives remuneration, compensation, or consideration for directing orders in securities to particular broker dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to your broker dealer. Please review your broker dealer's annual disclosure on payment for order flow policies and order routing policies.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method. If more than one lot has the same date and quantity, selection among such lots is random.

REV:A 4/5/2013

EXHIBIT 3

Account Number: [redacted]
Account Name: WIGGER

Statement Date: 07/01/2011 to 07/31/2011

FIFTH THIRD SECURITIES

# SUMMARY

**ALERT:**
All income is tax deferred until it is distributed from the account.

| PORTFOLIO VALUE | This Period | Prior Period |
|---|---|---|
| Securities | | |
| Mutual Funds | | |
| Equity | $69,210.21 | $75,124.32 |
| Total Securities | $69,210.21 | $75,124.32 |
| TOTAL PORTFOLIO VALUE | $69,210.21 | $75,124.32 |

| ACCOUNT ACTIVITY | This Period | YEAR-TO-DATE |
|---|---|---|
| BEGINNING BALANCE | $0.00 | |
| Trading | | |
| Securities Purchased | ($231.28) | ($974.77) |
| Securities Sold | $5,000.00 | $11,485.00 |
| NET TRADING | $4,768.72 | $10,510.23 |
| Additions and Withdrawals | | |
| Retirement Distributions | ($4,985.00) | ($11,405.01) |
| NET ADDITIONS AND WITHDRAWALS | ($4,985.00) | ($11,405.01) |
| Income and Expenses | | |
| Taxable Income | | |
| Tax Deferred Dividends | $231.28 | $974.77 |
| NET TAXABLE INCOME | $231.28 | $974.77 |
| TOTAL INCOME | $231.28 | $974.77 |
| NET INCOME AND EXPENSES | $231.28 | $974.77 |
| NET MISCELLANEOUS ACTIVITY | ($15.00) | ($45.00) |
| ENDING BALANCE | $0.00 | |

| CLOSED LOT GAIN (LOSS) SUMMARY | This Period | Year-to-Date |
|---|---|---|
| Net Gain (Loss) from Trading | ($1,643.72) | ($3,805.38) |

Fifth Third Securities, Inc.
See last page for important information about your brokerage account and this statement.

*Account carried with National Financial Services LLC. Member NYSE. SIPC*

Account Number: [redacted]
Account Name: WIGGER

Statement Date: 07/01/2011 to 07/31/2011

FIFTH THIRD SECURITIES

## ACCOUNT ACTIVITY

Retirement account cost and associated gain (loss) information is provided for informational purposes only and should not be used for tax-reporting purposes. Such information is provided to help you estimate and track the change in market value of each position relative to your investments into this security (not including reinvestments). NFS makes no warranties with respect to, and specifically disclaims any liability arising out of your use of, or any position taken in reliance upon, NFS-provided cost and net change information. NFS determines gain (loss) using the first-in, first-out (FIFO) method on all transactions in a retirement account. Cost information for debt securities has not been adjusted for amortization or accretion.

LIMITATION ON COST INFORMATION: NFS's cost information system has a cumulative lifetime limit on how much activity it can track for each individual security position in an account. For this purpose, each buy, sell, dividend, stock split, stock merger, etc, is an event. For some customers, this limit can be reached with approximately 1500 events. Upon reaching the limit, the system no longer displays or tracks cost information for the affected position, and such information will usually show as not available or unknown. Once the limit is reached, all cost information for the affected position will need to be tracked and updated by you, the investor.

### TRADING

#### Securities Purchased

| Settlement Date | Account Type | Transaction | Description | Quantity | Amount | Cost | Transaction Gain (Loss) |
|---|---|---|---|---|---|---|---|
| 06/30/11 | CASH | REINVESTMENT | FIFTH THIRD LIFE MODEL MOD AGGR CL A REINVSTED @ $11.52 | 20.076 | ($231.28) | | |
| **Net Securities Purchased** | | | | | **($231.28)** | | |

#### Securities Sold

| Settlement Date | Account Type | Transaction | Description | Quantity | Amount | Cost | Transaction Gain (Loss) |
|---|---|---|---|---|---|---|---|
| 07/18/11 | CASH | YOU SOLD | FIFTH THIRD LIFE MODEL MOD AGGR CL A CONF:200003245 @ 11.62 | (430.293) | $5,000.00 | $6,643.72 | ($1,643.72) |
| **Net Securities Sold** | | | | | **$5,000.00** | | |
| **NET TRADING** | | | | | **$4,768.72** | | |

### ADDITIONS AND WITHDRAWALS

#### Retirement Distributions

| Date | Account Type | Transaction | Description | Quantity | Amount | Cost | Transaction Gain (Loss) |
|---|---|---|---|---|---|---|---|
| 07/18/11 | CASH | EARLY DST/NO EXCP APS | EARLY DST/NO EXCP AP WD42383356 | | ($4,985.00) | | |
| **Net Retirement Distributions** | | | | | **($4,985.00)** | | |
| **NET ADDITIONS AND WITHDRAWALS** | | | | | **($4,985.00)** | | |

Account Number: [redacted]
Account Name: WIGGER

Statement Date: 09/01/2011 to 09/30/2011

FIFTH THIRD SECURITIES

ALERT:
All income is tax deferred until it is distributed from the account.

# SUMMARY

| PORTFOLIO VALUE | This Period | Prior Period |
|---|---|---|
| Securities | | |
| Mutual Funds | | |
| Equity | $59,096.09 | $63,012.12 |
| Total Securities | $59,096.09 | $63,012.12 |
| TOTAL PORTFOLIO VALUE | $59,096.09 | $63,012.12 |

| ACCOUNT ACTIVITY | This Period | YEAR-TO-DATE |
|---|---|---|
| BEGINNING BALANCE | $0.00 | |
| Trading | | |
| Securities Purchased | ($210.00) | ($1,184.77) |
| Securities Sold | $0.00 | $14,185.00 |
| NET TRADING | ($210.00) | $13,000.23 |
| Additions and Withdrawals | | |
| Retirement Distributions | $0.00 | ($14,075.01) |
| NET ADDITIONS AND WITHDRAWALS | $0.00 | ($14,075.01) |
| Income and Expenses | | |
| Taxable Income | | |
| Tax Deferred Dividends | $210.00 | $1,184.77 |
| NET TAXABLE INCOME | $210.00 | $1,184.77 |
| TOTAL INCOME | $210.00 | $1,184.77 |
| NET INCOME AND EXPENSES | $210.00 | $1,184.77 |
| NET MISCELLANEOUS ACTIVITY | $0.00 | ($75.00) |
| ENDING BALANCE | $0.00 | |

| CLOSED LOT GAIN (LOSS) SUMMARY | This Period | Year-to-Date |
|---|---|---|
| Net Gain (Loss) from Trading | $0.00 | ($5,009.70) |

Fifth Third Securities, Inc. *Account carried with National Financial Services LLC, Member NYSE, SIPC*
See last page for important information about your brokerage account and this statement.



Statement for the Period February 1, 2012 to March 31, 2012

[redacted] - Premiere Select Rollover IRA
Account Number: [redacted]

FIFTH THIRD
SECURITIES

# Activity

Retirement account cost and associated gain (loss) is provided for informational purposes only and should not be used for tax-reporting purposes. Such information is provided to help you estimate and track the change in market value of each position relative to your investment into this security (not including reinvestments). Please refer to Footnotes and Cost Information at the end of this statement for more information.

## TRADING

| Settlement Date | Account Type | Transaction | Description | Quantity | Amount | Cost | Transaction Gain (Loss) |
|---|---|---|---|---|---|---|---|
| **Securities Purchased** | | | | | | | |
| 03/29/12 | CASH | REINVESTMENT | FIFTH THIRD LIFE MODEL MOD AGGR CL A REINVSTED @ $11.810 | 10.194 | ($120.39) | | |
| **Total Securities Purchased** | | | | | ($120.39) | | |
| **Securities Sold** | | | | | | | |
| 03/26/12 | CASH | YOU SOLD | FIFTH THIRD LIFE MODEL MOD AGGR CL A CONF:200005979 @ 11.80 | (381.356) | $4,500.00 | $5,888.14 | ($1,388.14) |
| **Total Securities Sold** | | | | | $4,500.00 | | |

## ACTIVITY > ADDITIONS AND WITHDRAWALS > RETIREMENT DISTRIBUTIONS

| Date | Account Type | Transaction | Description | Quantity | Amount | Cost | Transaction Gain (Loss) |
|---|---|---|---|---|---|---|---|
| **Retirement Distributions** | | | | | | | |
| 03/26/12 | CASH | EARLY DST/NO EXCP APS | EARLY DST/NO EXCP AP WD43269150 | | ($4,450.00) | | |
| **Total Retirement Distributions** | | | | | ($4,450.00) | | |
| **TOTAL ADDITIONS AND WITHDRAWALS** | | | | | ($4,450.00) | | |

Statement for the Period February 1, 2012 to March 31, 2012

KEVIN M WIGGER - Premiere Select Rollover IRA
Account Number: [redacted]

FIFTH THIRD SECURITIES

# Account Overview *continued*

| REALIZED GAIN (LOSS) | *Current Period* | *Year-to-Date* |
|---|---|---|
| FROM TRADING | | |
| Realized Gain (Loss) | ($1,388.14) | ($1,388.14) |
| **TOTAL GAIN (LOSS)** | **($1,388.14)** | **($1,388.14)** |

*Retirement account cost and associated gain (loss) is provided for informational purposes only and should not be used for tax-reporting purposes. Such information is provided to help you estimate and track the change in market value of each position relative to your investment into this security (not including reinvestments). Please refer to Footnotes and Cost Information at the end of this statement for more information.*

***REALIZED GAIN (LOSS)*** Estimated realized gains (losses) for transactions in your account as of the trade date, excluding transactions where cost basis information is incomplete.

***GAIN (LOSS) FROM RETIREMENT DISTRIBUTION OF IN-KIND SHARES*** is the change in value of shares distributed compared to their cost and is provided for informational purposes only.

## MESSAGES AND ALERTS

Please note that the FDIC insured deposit at Fifth Third Bank under the Fifth Third BD Program is not covered by SIPC. The FDIC insured deposit is eligible for FDIC insurance subject to FDIC coverage limits at the time funds are deposited at Fifth Third Bank. As referenced in the Fifth Third BD Program disclosure document, clients are responsible for monitoring their total assets at Fifth Third Bank to determine the extent of available FDIC coverage.

Customers wishing to learn more about their investment professional can contact the FINRA BrokerCheck Hotline Number at 1-800-289-9999 or visit the FINRA Regulation website, www.finra.org. Customers can also obtain an investor brochure that includes information describing the FINRA BrokerCheck program by contacting Brokerage Operations 1-888-889-1025.

National Financial Services LLC, NFS, is required by the Securities Exchange Act of 1934 to provide certain financial information from its Statement of Financial Condition At December 31, 2011, NFS had net capital of $2,065 million, which was 12.98 percent of aggregate debit items and exceeded its minimum requirement by $1,747 million. To acquire the Statement of Financial Condition, log on to www.mybrokerageinfo.com. If you wish to obtain a copy of this document at no cost, please call 800-439-5627.

