EXHIBIT "C"

RECEIVED 11/19/2015

FILED 11/19/201...
14th CIRCUIT C...
MUSKEGON COUNT...

2014-049481-CZ
CCR-MOT

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

KEVIN MARK WIGGER

     Plaintiff,

V

GEORGE ROBERT WIGGER

     Defendant.

_____/

Case No. 14-49481-CZ

Honorable Timothy G. Hicks

Kevin Mark Wigger #581201
Central Michigan Correctional Facility
320 N. Hubbard St.
Saint Louis, MI 48880

_____/

Siver & Associates, PLLC
James A. Siver (P33597)
Thomas D. Siver (P69751)
Attorneys for Defendants
1575 Forty-Fourth Street, SW
Grand Rapids, MI 49509
(616)261-5800

_____/

2015 NOV 19 P 4:31

NANCY A. WATERS
MUSKEGON COUNTY CLERK
FILED

## MOTION FOR NEW TRIAL

    NOW COMES, Plaintiff, Kevin Mark Wigger, in Propia Persona, and respectfully submits the following Motion For New Trial by stating the following:

1.  Plaintiff request a new trial pursuant to MCR 2.611(A)(1)(f)(g).

2.  Plaintiff has attached his Affidavit pursuant to MCR 2.611(D)(1). Attachment of supporting documents is impractical due to the number of documents that support his motion. (see Appendix A).

3.  Plaintiff has discovered through issuance of subpoena to Fifth Third Securities, that the Defendant has made additional withdraws

1

homestead from the proceeds of a crime, they have violated MCL 750.174 which is a felony punishable by up to 10 years in prison.

10.  Defendant's George and Alisa, in 2011 purchased property located at Whiskey Creek using Plaintiff's money.

11.  Defendant's George and Alisa Wigger, after receiving a demand letter from Plaintiff, fraudulently sold that property to Mike Lorenze, a violation of UFTA stautory sections defining the elements of fraudulent transfers, MCL 566.34 (transfer with intent to defraud) and MCL 566.35 (transfer by debtor as fraud). The first is dubbed as "actual fraud," the second "constructive Fraud."

12.  Mike and Georgia Lorenz are husband and wife and have also full and complete knowledge that George and Alisa Wigger had embezzled money from the Plaintiff, used those embezzled funds to purchase the Whiskey Creek property, and took part in the conspiracy to embezzle and are in possession of property that was bought with embezzled money. This property has a State equalized value of $3,300 in 2014 and has a retail value of $6,600. Mike and Georgia Lorenz along with their two adult children all are enjoying the fruits of their ill-gotten gain. George and Alisa along with their two children also continue to enjoy the use of this property as was testified by George at trial.

13.  Mike and Georgia Lorenz have fraudulently concea26d the existence of the claim in an attempt to evade investigation by not responding to Plaintiff's subpoena to testify at trial. They are in violation of MCL 600.2919a, MCL 600.5855.

14.  Defendant's George and Alisa Wigger transferred this property

3

without receiving a reasonably equivalent value in exchange for the transfer and the transfer was made after George and Alisa had been threatened with suit.

15. Defendant George Wigger fraudulently concealed the additional withdraws from both the Court and the Plaintiff at Trial.

16. Defendant George Wigger falsely testified that he withdrew the $7,500 gift from the Plaintiff's pension account, this money was withdrawn from the Plaintiff's IRA account in two subsequent withdraws in April and August of 2007.

17. Ada Young would not allow George, (Ada Youngs son) to withdraw this money from the Plaintiff's pension account and encouraged Defendant George Wigger to withdraw the funds from the Plaintiff's IRA account.

18. Ada Young converted those funds to her own use, violation of MCL 600.2919a.

19. Defendant George Wigger testified at trial that he had not been paid the money he was promised in the divorce agreement of Kevin and Ada Wigger/Young.

20. Pursuant to MCR 2.611(1)(g) there has been a mistake of fact by the Court.

21. From as far back as the letter George sent to the Plaintiff in 2012 it is clear that George had indeed been paid. When the Plaintiff had questioned the Defendant as to where his money went, had the Defendant not been paid, why did he not state as much in his letter.

22. Through out the entire process and in all of the Defendant's pleadings, never once did he mention this fact of not being paid

4

the $15,000.

23. In Plaintiff's trial exhibit #27 (e-mail from George to his attorney) George fabricated the list of repairs he claimed he did along with $13,500 he claimed he spent on the Plaintiff's prison account. These two things add up to nearly $50,000 with NO mention of being owed the $15,000.

24. Defendant never filed a cross claim or counter claim for the $15,000.

25. The Plaintiff testified at trial that he had been told by George that he had been paid, the payment from his mother was in the form of assets that belonged to the Plaintiff. George sold those assets and recovered the money he was owed.

26. This honorable court should have made it's findings in reference to this matter, that should have been most favorable to the Plaintiff..the moving party.

27. The Judgment Of Divorce between Kevin and Ada is a contract, in this contract, Ada was required to list the property at 205 N. Third St. with a Realtor. Ada Young/Wigger agreed to pay the Defendant, George Wigger, once the property was sold. Ada Young excepted the obligation to pay George and this was in a contract signed by both parties.

28 Ada Young never listed the property for sale, had the property deeded to her and she continued to collect rent from that property for another 4 years.

29. Ada and Jeff young are husband and wife, they were married in October of 2006, 45 days after the divorce was final between Ada and Kevin Wigger.

5

30.  Ada and Jeff young are in a partnership, both had owned rental properties. Both have known about George's embezzling of the Plaintiff's money and should be considered as co-conspriators in this embezzlement.

WHEREFORE, Plaintiff request a new trial, and request this Honorable court grant all of Plaintiff's motions regarding Amendment of Complaint, Jionder of Parties, and Motion To Open Discovery.

Dated November 13, 2015                    Respectfully submitted

                                           Kevin Wigger

APPENDIX A

| Date | Amount | Wire fee | Cost/Loss |
|------|--------|----------|-----------|
| April 2, 2007 | $5,500.00 | | ($135.04) |
| August 10, 2007 | $2,000.00 | | |
| August 17, 2007 | $3,000.00 | | ($53.40) |
| March 4, 2008 | $6,500.00 | ($15.00) | ($719.29) |
| August 20, 2008 | $715.00 | ($15.00) | ($155.63) |
| October 18,2008 | $6,500.00 | ($15.00) | ($3825.70) |
| April 9, 2009 | $3,000.00 | ($15.00) | ($2949.17) |
| May 14, 2009 | $1,000.00 | ($15.00) | ($851.32) |
| June 18,2009 | $2,500.00 | ($15.00) | ($1998.83) |
| July 27, 2009 | $3,000.00 | ($15.00) | ($2,118.24) |
| November 16, 2009 | $3,500.00 | ($15.00) | ($1,920.26) |
| November 20, 2009 | $3,500.00 | ($15.00) | ($1,920.26) |
| February 22, 2010 | $4,500.00 | ($15.00) | ($2,651.88) |
| March 30, 2010 | $3,000.00 | ($15.00) | ($1,550.09) |
| August 12, 2010 | $2,985.00 | ($15.00) | ($1,845.20) |
| | | | |
| Totals | $51,200.00 | ($180.00) | ($22,694.31) |

NEWLY FOUND

2011 WITHDRAWALS

| | | | |
|------|--------|----------|-----------|
| March 16, 2011 | $2,985.00 | ($15.00) | ($1,093.61) |
| May 5, 2011 | $3,485.00 | ($15.00) | ($1,068.05) |
| July 18, 2011 | $4,985.00 | ($15.00) | ($1,643.72) |
| August 19, 2011 | $685.00 | ($15.00) | ($312.93) |
| August 22, 2011 | $1,985.00 | ($15.00) | ($891.39) |
| | | | |
| Totals For 2011 | $14,125.00 | ($75.00) | ($5,009.70) |

2012 WITHDRAWALS

| | | | |
|------|--------|----------|-----------|
| March 26, 2012 | $4,450.00 | ($15.00) | ($1,388.14) |
| | | | |
| 2011/12 Totals | $18,575.00 | ($90.00) | ($6,397.84) |
| | | | |
| Grand Total | $69,775.00 | ($270.00) | ($29,092.15) |

Combined total withdrawals + Wire Fees + Cost/Loss    ($99,137.15)

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON


KEVIN MARK WIGGER

     Plaintiff,                  Case No. 14-49481-CZ

V                           Honorable Timothy G. Hicks

GEORGE ROBERT WIGGER

     Defendant.
_____/

Kevin Mark Wigger #581201
Central Michigan Correctional Facility
320 N. Hubbard St.
Saint Louis, MI 48880
_____/

Siver & Associates, PLLC
James A. Siver (P33597)
Thomas D. Siver (P69751)
Attorneys for Defendants
1575 Forty-Fourth Street, SW
Grand Rapids, MI 49509
(616)261-5800
_____/


AFFIDAVIT OF KEVIN MARK WIGGER

STATE OF MICHIGAN)
              )ss
COUNTY OF GRATIOT)


Kevin Mark Wigger, being duly sworn, deposes and says that the forgoing is true to the best of his knowledge, information and belief.

                            _____
                            Kevin Mark Wigger #581201
                            In Pro Per

Subscribed and sworn to before
me on November 13   2015

_Marcia L. Sorensen_

            MARCIA L. SORENSEN
       NOTARY PUBLIC, STATE OF MI
          COUNTY OF SAGINAW
    MY COMMISSION EXPIRES OCT 22, 2018
    ACTING IN COUNTY OF _GRATIOT_

EXHIBIT "D"

FILED 11/19/20[  ]  2014-049481-CZ
14th CIRCUIT C[  ]  CCR-MOT
MUSKEGON COUNT[  ]

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

KEVIN MARK WIGGER

      Plaintiff,                Case No. 14-49481-CZ

V                                  Honorable Timothy G. Hicks

GEORGE ROBERT WIGGER

      Defendant.
_____/

Kevin Mark Wigger #581201
Central Michigan Correctional Facility
320 N. Hubbard St.
Saint Louis, MI 48880
_____/

Siver & Associates, PLLC
James A. Siver (P33597)
Thomas D. Siver (P69751)
Attorneys for Defendants
1575 Forty-Fourth Street, SW
Grand Rapids, MI 49509
(616)261-5800
_____/

2015 NOV 19 P 4:37
NANCY A. WATERS
MUSKEGON COUNTY CLERK
FILED

<u>MOTION TO RE-OPEN DISCOVERY</u>

    NOW COMES, Plaintiff, Kevin Mark Wigger, in Propia Persona, and respectfully submits the following Motion To Re-Open Discovery by stating the following:

    Due to the fact Plaintiff has requested a new trial, requested to amend his complaint and the necessary joinder of parties, Plaintiff does hereby request that Discovery in the above matter be re-opened. This case involves the breach of fiduciary duty, the purchase of a homestead with embezzled money and the transfer and conversion of property purchased with embezzled funds. The need for discovery is extensive to follow the money through the discovery process.

1

WHEREFORE Plaintiff request discovery be re-opened on all Defendant's.

Dated November 13, 2015                    Respectfully submitted

_____
Kevin Wigger

EXHIBIT "E"

RECEIVED 11/19/2015

FILED 11/19/20 ___ 2014-049481-CZ
14th CIRCUIT C ___ CCR-MOT
MUSKEGON COUNT ___

STATE OF MICHIGAN

IN THE 14TH CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

KEVIN MARK WIGGER

     Plaintiff,

                            Case No. 14-49481-CZ

V

                            Honorable Timothy G. Hicks

GEORGE ROBERT WIGGER

     Defendant.
_____/

Kevin Mark Wigger #581201
Central Michigan Correctional Facility
320 N. Hubbard St.
Saint Louis, MI 48880
_____/

Siver & Associates, PLLC
James A. Siver (P33597)
Thomas D. Siver (P69751)
Attorneys for Defendants
1575 Forty-Fourth Street, SW
Grand Rapids, MI 49509
(616)261-5800
_____/

2015 NOV 19 ᗡ 4: 37

NANCY A. WATERS
MUSKEGON COUNTY CLERK
FILED

## MOTION TO AMEND COMPLAINT

    NOW COMES, Plaintiff, Kevin Mark Wigger, in Propia Persona, and
respectfully submits the following Motion To Amend Complaint by
stating the following:

1. Plaintiff, having discovered newly found evidence and parties
to the above entitled action, does respectfully request leave of
this Court to file Amended Complaint's on all listed parties
referenced and for reasons stated in Plaintiff's Request for a New
Trial.

Dated November 13, 2015           Respectfully submitted

                                      Kevin Wigger

EXHIBIT "F"

RECEIVED 1/28/2016

FILED 1/28/2016
14th CIRCUIT COURT
MUSKEGON COUNTY

2014-049481-CZ
CCR-MREC

## STATE OF MICHIGAN

### IN THE 14TH CIRCUIT COURT

\*\*\*\*\*\*\*\*

KEVIN MARK WIGGER

      Plaintiff,

V

GEORGE ROBERT WIGGER

      Defendant.

_____/

Hon. Timothy G. Hicks

Case No. 14-049481-CZ

Kevin M. Wigger #581201
In Propria Persona
Central Mich. Corr. Fac.
320 Hubbard St.
Saint Louis, MI 48880

SIVER & ASSOCIATES, PLLC
Thomas D. Siver (P69751)
James A. Siver (P33597)
Attorney for Defendant
1575 Forty-Forth St., SW
Grand Rapids, MI 49509
616-261-5800

_____/

## PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION

## OF OPINION AND ORDER RE: MOTION TO QUASH ATTORNEY LIEN

## AND SUBMISSION OF DOCUMENTS FOR EVIDENTIARY HEARING

NOW COMES Plaintiff, Kevin M. Wigger, in Proria Persona, and for

his Ex Parte Motion for Reconsideration of Opinion and Order Re:

Motion To Quash Attorney Lien, states the following:

1. I never received a copy of Mr. Van Eck's response to my Motion

to Quash.

2. Mr. Van Eck was untruthful in his response to my allegations

to the Attorney Grievance Commission and may be so in his response

to this Honorable Court.

3. Mr. Van Eck's negligence and incompetence prejudiced and

jeopardized my case and Mr. Van Eck should not be allowed a lien

on the judgment in the above entitled matter.

4. Mr. Van Eck has billed for services that were either never

performed or should have never been needed because of his negligence when Mr. Van Eck agreed to adjourn my ADR hearing that was scheduled for December 12, 2015, this action severely prejudice my rights.

THEREFORE Plaintiff request this Honorable Court review all the correspondence before making a final decision in regards to allowing Mr. Van Eck's attorney lien.

Dated: January 26, 2016

Kevin M. Wigger

2

EXHIBIT "G"

14th CIRCUIT COURT
MUSKEGON COUNTY

2014-049481-CZ
CCR-ORD
NOT PROPOSED

# STATE OF MICHIGAN

## IN THE 14TH CIRCUIT COURT

\* \* \* \* \*

KEVIN MARK WIGGER,

Plaintiff,

HON. TIMOTHY G. HICKS

v

File No. 14-49481-CZ

GEORGE ROBERT WIGGER

Defendant,

_____/

Kevin Mark Wigger, #581201
Pro Per
Central Michigan Correctional Facility
320 North Hubbard
St. Louis, MI 48880

SIVER & ASSOCIATES, PLLC
Thomas D. Siver (P69751)
James A. Siver (P33597)
Attorneys for Defendants
1575 Forty-Fourth St., SW
Grand Rapids, MI 49509
616-261-5800

_____/

## ORDER DENYING MOTIONS AND CANCELLING ORAL ARGUMENT

### INTRODUCTION

Plaintiff-father[1] files various motions.  Most of them are now "ripe" since the court has

entered judgment in plaintiff's favor.

#### Overarching Considerations

There are several overarching considerations which should be briefly mentioned, even

though most are recurrent themes from previous pleadings and court orders.

Kevin started this lawsuit with the assistance of both his sister and, later, an attorney.

He subsequently discharged his attorney and litigated the case on his own.

His efforts to represents himself are most-assuredly complicated by his status as a

prisoner.  Despite this, he generally handled things fairly well.  It should be noted that he does

---

[1] The court will continue its practice of using the parties' first names.

have financial resources which he could have used to hire a new attorney after he discharged his first one.

At this point, Kevin bears the responsibility for these choices. Many of the claims he now makes are simply requests for a "do-over" of the trial already conducted. And several of the others are requests for the court to wade into personal issues that are irrelevant to the legal ones. For example, paragraphs 29 and 30 of his motion for new trial address the speed with which his former wife remarried and the fact that she and her new husband are co-conspirators because they have known about George's embezzling of Kevin's money.

<u>Specific Rulings</u>

Specifically, the court rules as follows:

1. The court denies the motion for a new trial.

2. The court denies the motion for joinder of parties. The court essentially relies upon its analysis in the section, below, related to amending the complaint. The parties he seeks to join would fundamentally alter the current trajectory of **this** case. To the extent that Kevin has viable claims which were not presented in the first case, he may have other options available, but he should be mindful of principles of *res judicata* and collateral estoppel.

3. The court denied the motion to amend the complaint. The court can allow amendment of the complaint, even during or after a trial. However, the amended complaint, at that point, generally has to conform to the evidence. To the extent that Kevin has viable claims which were not presented in the first case, he may have other options available, subject, again, to principles *res judic*ata and collateral estoppel.

In this case, Kevin seeks to graft an entirely different time frame into this lawsuit. It is simply too late for that. it would generate incredible additional confusion.

4. The court denies the motion to re-open discovery. This trial is over, and the case is in the process of being closed. To the extent that Kevin has viable claims which were not presented in the first case, he may have other options available, as noted above.

5. Given these rulings, the court declines to sign any of the proffered subpoenas.

This order does not, by itself, bar Kevin from filing a new lawsuit. However, neither is it a finding that he can properly do that. At this point, the court simply believes that its work is best confined to discrete chapters, each to be resolved in a series. For example, Kevin also has a second case, pending with the Michigan Department of Treasury, where it seeks to attach these funds.

The court is very familiar with these facts, and does not believe that oral argument is necessary to resolve any of these. It is also an administrative burden to the Michigan Department of Corrections and the taxpayers. For all these reasons, the court denies oral argument pursuant to MCR 2.119(E)(3). The court also has video/polycom facilities in its courtroom, but it simply does not see the need for any oral argument, through that system or in person. The hearing scheduled for December 14, 2015 at 11:00 a.m. is canceled.

**IT IS SO ORDERED.**

Date: November 30, 2015

Timothy G. Hicks, P35198
Circuit Judge

CERTIFICATE OF MAILING

I hereby certify that on the 30th day of November, 2015, I personally mailed copies of this Order to the parties above named at their respective addresses, by ordinary mail.

Susan K. Orrison, Circuit Court
Legal & Scheduling Secretary

EXHIBIT "H"

# S T A T E   O F   M I C H I G A N

## IN THE 14TH CIRCUIT COURT

\* \* \* \* \*

KEVIN MARK WIGGER,

                 Plaintiff,                HON. TIMOTHY G. HICKS

v

                                             File No. 14-49481-CZ

GEORGE ROBERT WIGGER

                 Defendant,

_____/

Kevin Mark Wigger, #581201                SIVER & ASSOCIATES, PLLC
Pro Per                                    Thomas D. Siver (P69751)
Central Michigan Correctional Facility     James A. Siver (P33597)
320 North Hubbard  **CALENDARED**  Attorneys for Defendants
St. Louis, MI 48880                       1575 Forty-Fourth St., SW
                                           Grand Rapids, MI 49509
_____/  616-261-5800

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR NEW TRIAL WITHOUT PREJUDICE

       The court **denies** Kevin's motion for a new trial without prejudice. MCR 2.611(B)

states that "[a] motion for a new trial made under this rule . . . must be filed and served

within 21 days after entry of the judgment." On July 16, this court entered its "Opinion

and Order after Bench Trial" requesting certain information for the final judgment.

Because the court has not yet entered its final judgment, Kevin's motion is premature.

       Kevin's motion is **denied without prejudice.**

       **IT IS SO ORDERED.**

Date: August _10_, 2015

                                      Timothy G. Hicks, P35198
                                      Circuit Judge

*(stamp: 2015 AUG 17 AM 11: 57  NANCY A. WATERS  MUSKEGON COUNTY CLERK  FILED)*

CERTIFICATE OF MAILING

    I hereby certify that on the _10th_ day of August, 2015, I personally mailed copies of this Order to the parties above
named at their respective addresses, by ordinary mail.

                                       Susan K. Orrison, Circuit Court
                                      Legal & Scheduling Secretary